MINNIE I. GINNS *vs.* C. T. SHERER COMPANY.

Worcester.    September 28, 1914. — October 22, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Negligence,* Toward invited person, In department store.    *Witness,* Cross-examination.    *Practice, Civil,* Conduct of trial.

A corporation operating a department store, which has a millinery department, owes a duty to the customers invited to its place of business to remove within a reasonable time a large pasteboard hat box that has been left on the floor of an aisle between the ends of the counters through which the customers are expected to walk, and in an action against the corporation by a customer injured by stumbling over the hat box, it is a question for the jury whether this obstruction of a much frequented passageway was allowed to exist for so unreasonable a length of time as to constitute a violation of the duty.

A girl thirteen years of age, who has been sent by her mother to the millinery department of a store to bring back a hat and who in walking through an aisle between the ends of the counters in the millinery department notices a large pasteboard hat box on the floor partially obstructing the aisle, is not negligent as matter of law, if, when she is returning through the same aisle about half an hour later walking behind a clerk and looking at the clerk, she does not think about the box and stumbles over it, breaking her leg.

It is not error reversible upon exception, that a presiding judge in the exercise of his discretion limited the cross-examination of the plaintiff in an action for personal injuries in regard to the exact time at which the plaintiff arrived upon the premises of the defendant, where according to her testimony she received her injuries about half an hour after her arrival, if the defendant's counsel in answer to a question of the judge failed to explain in what way the exact time of the plaintiff's arrival was important.

TORT against a corporation carrying on a department store on Front Street in Worcester, for personal injuries sustained on May 4, 1911, when the plaintiff was thirteen years of age and had been sent by her mother to the defendant's millinery department to bring back a hat, the injuries being alleged to have been caused by the negligence of the defendant in permitting a large pasteboard hat box to remain in an aisle between the ends of the counters of the millinery department, over which the plaintiff

stumbled and fell, breaking her leg.   Writ dated October 13, 1911.

In the Superior Court the case was tried before *Raymond, J.* At the close of the evidence, which is described in the opinion, the defendant asked the judge to rule that the plaintiff could not recover; that there was no evidence of due care on the part of the plaintiff; and that there was no evidence of negligence on the part of the defendant.

The judge refused to make any of these rulings and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $1,564.   The defendant alleged exceptions to the refusal of the judge to give the rulings requested and also to his limiting the cross-examination of the plaintiff in regard to the exact time at which she arrived at the defendant's store.

*W. H. King,* for the defendant.

*R. B. Dodge,* for the plaintiff.

DE COURCY, J.   In the millinery department of the defendant's store there was a passageway, on each side of which was a series of counters or tables used for displaying hats.   This main aisle was three or three and a half feet wide at the place of the accident.   It could be found on the evidence that the aisle was obstructed there by a hat box which was about nineteen inches in width and nine inches in height, and which had been left there for half an hour or more.   The woman in charge of the department testified that it was her duty to see that there were no boxes in the aisle; and that "it was against the rules and it would be dangerous to allow them."   It was for the jury to say whether this obstruction of a much frequented passageway was allowed to exist for so unreasonable a length of time as to constitute a violation of the duty which the defendant owed to the customers invited to its place of business; in other words, whether it failed to exercise reasonable care to keep the premises safe for use according to its invitation.   *Hendricken* v. *Meadows,* 154 Mass. 599.   *McDermott* v. *Sallaway,* 198 Mass. 517.

It could not be ruled as matter of law that the plaintiff was not in the exercise of due care when she fell over the box.   The jury might consider that she was not bound to anticipate that this temporary obstruction would be allowed to remain in the aisle for the substantial length of time that elapsed after she had

first noticed it. And the fact that she was walking behind the clerk and looking at her, and so failed to see the box just before she fell, might be found to be consistent with the standard of care by which a minor of her age must be judged. The fact that she was not thinking of the box at that particular time is not conclusive as to her want of care. *George* v. *Haverhill,* 110 Mass. 506. *Marston* v. *Reynolds,* 211 Mass. 590.

It is urged that the judge erred in limiting the cross-examination of the plaintiff, because it was important to show that she did not reach the store until a short time before the accident, and hence could not have seen the box in the aisle half an hour before she was injured. But no such reason for extending the examination was called to the attention of the trial judge. The plaintiff had been cross-examined at considerable length as to her movements between four o'clock, when she left school, and twenty minutes after four, about which hour she said she reached the defendant's store. When the judge asked the counsel whether he was not "taking a good deal of time for a variation of a couple of minutes," the only reply was "It may become important." No explanation was made as to how it was important. Nor was any suggestion made later in the trial that the exact time had become material and that the defendant desired further opportunity for cross-examination on that point. It is to be noted also, that the last witness called by the defendant, the clerk who accompanied the plaintiff to the work room, testified that they were together away from the counter for fifteen minutes before the accident. Under these circumstances we are of opinion that no reversible error is shown. *Jennings* v. *Rooney,* 183 Mass. 577, 579.

*Exceptions overruled.*