### ABBIE F. NYE *vs.* LOUIS K. LIGGETT COMPANY.

Middlesex. March 8, 1916. — June 20, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Negligence,* In a retail store, Contributory.

If the proprietor of a retail drug store maintaining a soda counter has placed an upright weighing machine so near the entrance of the store that its low base or platform is in the path of customers passing in and out and a woman turning from the soda counter to pass out of the store stumbles over the base of the weighing machine and is injured, in an action against the proprietor for her injuries thus caused it can be found that the defendant was negligent.

In an action by a woman against the proprietor of a retail drug store for personal injuries caused by the plaintiff stumbling over the base of a weighing machine when she had turned from a soda counter to pass out of the store, under St. 1914, c. 553, it is a question for the jury, with the burden of proof on the defendant, whether the presumption of the plaintiff's due care has been overcome by all the evidence.

TORT for personal injuries sustained by the plaintiff on March 4, 1915, in the retail drug store of the defendant numbered 474 on Washington Street in Boston by reason of falling over the low base or platform of an upright weighing machine alleged to have been placed negligently by the defendant in the path of customers without any guard to prevent injury to persons lawfully in the store. Writ dated April 16, 1915.

In the Superior Court the case was tried before *Bell,* J. The substance of the evidence is described in the opinion. At the close of the evidence the defendant asked the judge to make the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover.

"2. On all the evidence the plaintiff was not in the exercise of due care.

"3. If the jury believe that the plaintiff fell over the defendant's scales simply because she did not notice them, then the jury must find that the plaintiff was not in the exercise of due care.

"4. If the jury believe that the plaintiff fell over the defendant's scales simply because she did not notice them, then the jury must find that the plaintiff was not in the exercise of due care, provided the jury further believe that the scales were plainly visible to any visitor in the defendant's store, and that at the time the plaintiff fell there was ample light to enable any one to see them plainly.

"5. If the jury believe that the defendant maintained a retail drug store at the corner of Washington and Avon streets, Boston, having entrances on both streets and being approximately thirty feet broad and sixty feet deep, with the two street sides composed of practically continuous show windows or glass doors, said store being thereby amply lighted at all times during the day; and if the jury further believe that various counters, stands and other apparatus were placed throughout the store, and that among these was an upright weighing scale covering an area substantially two feet long by eighteen inches broad, and having a platform six or eight inches from the ground upon which to stand and an upright arm of about six feet high, standing plumb against the back of a show window and extending directly out therefrom parallel to and about two feet away from one end of a soda water fountain about thirty feet long; and if the jury further believe that in such a situation and in broad daylight, the plaintiff fell over said scales, then they must find that the plaintiff was not in the exercise of due care and that she is not entitled to recover.

"6. On all the evidence the defendant was not negligent in the maintenance of its premises.

"7. Provided the store is sufficiently lighted and there are no hidden traps, there is no duty upon the owner of a retail drug store to arrange his interior appliances in any particular manner for the convenience of his customers, and if one of such customers falls over one of such appliances, it is not sufficient to charge the

defendant with negligence, and the plaintiff is accordingly not entitled to recover.

"8. Provided the store is sufficiently lighted and there are no hidden traps, there is no duty upon the owner of a retail drug store to arrange his interior appliances in any particular manner for the convenience of his customers, and if one of such customers falls over one of such appliances, it is not sufficient to charge the defendant with negligence, and the plaintiff is accordingly not entitled to recover, even though the jury believe that some other arrangement of such appliances might, as a matter of fact, have been better adapted to the convenience and safety of the customers frequenting the store."

The judge refused to make these rulings and submitted to the jury three questions, which with the answers of the jury were as follows:

"1. Was or was not the defendant negligent toward the plaintiff with respect to the position of the weighing machine?" The jury answered, "Yes."

"2. Did or did not any want of reasonable care on the part of the plaintiff contribute to the accident?" The jury answered, "No."

"3. What, if anything, would be a fair and just compensation to the plaintiff for the pain and suffering, past and future, caused by the accident, her loss of earnings and her expenses?" The jury answered, "$3,500."

The judge reported the case for determination by this court. If this court should be of the opinion that upon all the evidence the plaintiff was as a matter of law not in the exercise of due care, or that there was no evidence of the defendant's negligence, judgment was to be entered for the defendant; if this court should be of the opinion that questions both of the plaintiff's due care and of the defendant's negligence properly might have been submitted to the jury, but that the judge erred in his admission of evidence excepted to by the defendant in the course of the trial, or in his refusal to give any of the defendant's requests for rulings, then the case was to be remanded for a new trial; if this court should be of the opinion that the case properly was submitted to the jury and that there was no error in the admission of testimony excepted to by the defendant, or in refusing to give the defend-

ant's requests for rulings, judgment was to be entered for the plaintiff in the sum of $3,500.

The case was submitted on briefs.

*W. B. Luther,* for the defendant.

*O. C. Scales,* for the plaintiff.

BRALEY, J.   The plaintiff was lawfully in the store, and while there the defendant owed her the duty to use ordinary care to keep the premises in a reasonably safe condition for her use as a customer.   *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18.

It sold soda, drugs and the articles usually dealt in by the proprietor of a retail drug store, and the jury could find from the evidence, which included the plan, that when viewed in connection with the volume of patronage as described by her the weighing machine, over which the plaintiff stumbled and fell as she turned from the soda counter to pass out of the store, had been placed too near the entrance to permit customers to make their exit safely, and that the defendant in the exercise of due care should have discovered this probable danger and removed the machine. While the case is close, we cannot say as matter of law that there was no evidence for the jury of the defendant's negligence.   *Ginns* v. *C. T. Sherer Co., supra.   Bennett* v. *Jordan Marsh Co.* 216 Mass. 550.

It is further contended that the plaintiff was negligent.   But under the St. of 1914, c. 553, this question was for the jury, who were to determine whether the presumption of her due care had been overcome by all the evidence, with the burden of proof on the defendant.

The exceptions to the admission of evidence having been waived, and the exceptions to the order of the court submitting certain questions to the jury not having been argued, we come to the exceptions to the refusal to give the defendant's requests.   The first, second and sixth requests were denied rightly for reasons previously stated, while the fourth, fifth, seventh and eighth requests in so far as applicable were fully and accurately covered by the instructions.   *Graham* v. *Middleby,* 185 Mass. 349.   By the terms of the report the plaintiff is to have judgment for the amount stipulated.

*So ordered.*