MARY F. KENNEDY *vs.* CHERRY & WEBB CO., LOWELL.

Middlesex.    March 7, 1929. — May 28, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Negligence,* Of proprietor of store.

At the trial of an action of tort for personal injuries against the proprietor of a department store, there was evidence that one part of the store, which was about eight inches higher than the other, was connected with it by a ramp, which joined at about a right angle at its lower end an aisle leading to one of the entrances to the store; that on the side of the ramp toward such aisle was a platform level with the upper part of the store and extending to the point where the lower end of the ramp began, so that the platform at that point was about eight inches high; that that portion of the platform was unoccupied and had no railing nor warning signs; and that the plaintiff, one of a crowd of customers in the store, walked down the ramp, intending to turn into the aisle, and fell when his foot caught on the end of the platform projecting above the ramp. *Held,* that it could

not be ruled as a matter of law that there was no evidence of negligence on the part of the defendant: the evidence warranted a finding that he had failed to exercise reasonable care to keep the premises in safe condition for the use of the plaintiff as a customer.

TORT. Writ dated May 9, 1928.

Material evidence at the trial in the Superior Court before *Morton,* J., is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant and reported the action for determination by this court.

*J. P. Cassidy,* for the plaintiff.

*J. H. Gilbride,* for the defendant.

FIELD, J. This is an action of tort for personal injuries resulting to the plaintiff from a fall in the defendant's store in Lowell. It was tried before a judge of the Superior Court and a jury. The judge directed the jury to return a verdict for the defendant, and reported the case "for the determination of the question whether there was any evidence of defendant's negligence requiring the submission of this case to the jury. If there was any evidence of defendant's negligence, plaintiff is to be entitled to a new trial, otherwise judgment to be entered for defendant."

The evidence reported is as follows: "The defendant operates the largest department store in Lowell engaged in the sale of women's wearing apparel. The plaintiff, on July 7, 1927, sometime between 10 A.M. and 12 noon, accompanied by her sister, went to the defendant's store and made some purchases. Sometime before this date repairs had been made in the defendant's store, and this was the first time the plaintiff had been on the premises since the making of the repairs. Defendant's store, running north and south, extended from Merrimack Street to Lee Street and easterly extended to John Street with entrances on both Merrimack and John Streets. A difference of levels existed between the south and north portions of the ground floor of the premises; the latter being about eight inches higher than the former. The north part of the store was reached by a ramp or incline leading from the lower to the upper level. At the easterly part of this incline a platform existed on an even level with the floor of the north portion of the premises and continued

southerly on such level to a point from which the ramp or incline started, leaving a vertical distance of about eight inches between the top and base of the platform at the southerly end of the incline. There was an aisle at the southerly end of the platform running easterly to the John Street entrance and on the same level with the southerly part of the premises. This aisle met at about a right angle the aisle using the incline. The northerly part of the platform was occupied by book cases, the southerly part was unoccupied for some distance from the end of the platform. No railing existed on this end and no warning signs were posted. There was an advertised sale being held in the store and it was crowded with people. The plaintiff, after making her purchases, walked up the incline to a shoe counter and shortly thereafter she walked down the incline intending to turn into the easterly aisle. She did not know of nor observe that the end of the platform protruded above the incline and her toe was caught against the platform, throwing her down causing her personal injuries, including a fractured nose. The place where the accident happened was well lighted."

We cannot say as matter of law that there was no evidence of negligence on the part of the defendant. In our opinion the case should have been submitted to the jury.

The evidence tended to show that the plaintiff received personal injuries when she was in that part of the defendant's store which was intended for the use of customers, and that she was there as a customer by the invitation of the defendant. In such circumstances the defendant owed to the plaintiff the duty to use reasonable care to keep the premises in safe condition for her use as a customer. *Douglas* v. *Shepard Norwell Co.* 217 Mass. 127, 129. *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18, 19. *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401, 404.

The evidence also tended to show that the plaintiff's injuries resulted from catching her toe against a raised platform which was formed by the projection of the floor of the store at its upper level by the side of the incline leading to the floor at its lower level, and which, at the time of the plaintiff's fall, was without a railing or warning sign and was partly

unoccupied.  The jury could have found that the raised platform was of such form and size and was so located with respect to the ordinary course of passage of customers through the store, especially when the store was crowded with people, that it was not safe to leave it partly unoccupied without protective railing or warning sign, and that in the exercise of the reasonable care which the defendant owed as a duty to the plaintiff the defendant should have discovered and guarded against the probable danger.  The case cannot be distinguished from *Nye* v. *Louis K. Liggett Co., supra.*  There is no significant difference between the fixed platform in this case and the movable platform in that case.  See also *Hendricken* v. *Meadows,* 154 Mass. 599; *Ginns* v. *C. T. Sherer Co., supra; Blood* v. *Ansley,* 231 Mass. 438; *Bloomer* v. *Snellenburg,* 221 Penn. St. 25.  This case is distinguishable on the one hand from cases in which the structure causing the injury was such a usual one that danger therefrom was not to have been anticipated, as in *Ware* v. *Evangelical Baptist Benevolent & Missionary Society of Boston,* 181 Mass. 285, *Hoyt* v. *Woodbury,* 200 Mass. 343, and *Lord* v. *Sherer Dry Goods Co.* 205 Mass. 1, and on the other hand from cases in which the danger was so obvious to the person injured that there was no duty to protect or warn against it, as in *Shaw* v. *Ogden,* 214 Mass. 475.

In accordance with the terms of the report the entry must be

*New trial granted.*