S. WINCHESTER ADRIANCE, administrator, *vs.* HENRY DUNCAN CORPORATION.

S. WINCHESTER ADRIANCE *vs.* SAME.

Middlesex.    January 15, 1935. — June 24, 1935.

Present: RUGG, C.J., FIELD, LUMMUS, & QUA, JJ.

*Negligence,* Of proprietor of store.

The evidence did not warrant a finding of negligence on the part of the proprietor of a hardware store toward an elderly customer who sustained personal injuries therein through falling over a lawnmower standing on the floor of an aisle with its handle leaning against a counter.

TWO ACTIONS OF TORT, the first originally by Lizzie W. Adriance and after her death prosecuted by the administrator of her estate. Writs dated October 16, 1930.

The actions were tried together in the Superior Court before *Macleod,* J. Material evidence is stated in the opinion. There were verdicts for the plaintiffs in the sums, respectively, of $305 and $1,500. The defendant alleged exceptions.

*M. A. Sullivan,* for the defendant.

*E. O. Proctor,* for the plaintiffs.

FIELD, J. These two actions of tort were tried together. The first is an action by the surviving husband of Lizzie W. Adriance, deceased, as administrator of her estate, to recover compensation for personal injuries sustained by her in the defendant's hardware store. The second is an action by the surviving husband in his own right to recover consequential damages. There was a verdict for the plaintiff in each case. The cases come before us on the defendant's exceptions, including exceptions to the denial of its motions for directed verdicts. The only questions argued

by the defendant are its negligence and the admissibility of an affidavit of Mrs. Adriance.

1. Verdicts for the defendant should have been directed.

The evidence warranted findings that Mrs. Adriance was in the defendant's hardware store as a customer and that she sustained personal injuries as a result of falling over a lawnmower, the wheels of which rested upon the floor and the handle of which leaned against a table used as a counter at one side of the store.

The evidence, however, did not warrant a finding that the defendant was negligent. It could not have been found that the defendant failed to use reasonable care to keep the premises reasonably safe for the use of Mrs. Adriance as a customer or to warn her against dangers attendant upon such use. *Crone* v. *Jordan Marsh Co.* 269 Mass. 289, 291. *Kelley* v. *Goldberg*, 288 Mass. 79, 81.

There was evidence that Mrs. Adriance, an elderly woman, walked sideways to her left along the side of the counter, which was thirty-two inches high, looking at articles displayed thereon and listening to statements of the salesman, who was about two feet from her at her right. The lawnmower was at her left. At this point the aisle between the counter and the other side of the store was four feet, eight inches wide, and just beyond the lawnmower, as Mrs. Adriance approached it, was a "lally column," which projected five and one half inches from the counter into the aisle. Testimony to the extreme width of the lawnmower varied from twenty-one and one half inches to twenty-four inches and to the distance which the wheels projected beyond the counter, from less than eleven inches to twelve and one half inches. The lawnmower had a handle with a crosspiece of the width of fourteen inches. From the floor to the top of the handle was fifty-two inches. A photograph shows — and there is no evidence to the contrary — that the handle of the lawnmower would have been in plain sight of Mrs. Adriance if she had looked toward it while she was walking beside the counter. And, as a matter of common knowledge, the handle if seen by her would have warned her of the location

of the wheels with substantial accuracy. She was not required to look to the floor to receive such a warning as was the plaintiff in *Hendricken* v. *Meadows*, 154 Mass. 599, and in *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18. Furthermore, there was no evidence that the store was not well lighted. And, since there was no evidence that any person other than Mrs. Adriance and the salesman was in the store at the time, there was no basis for an inference that the probability of danger resulting from the location of the lawnmower was increased by the presence of other customers. Compare *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401; *Kennedy* v. *Cherry & Webb Co., Lowell*, 267 Mass. 217, 220. Some latitude must be allowed to the proprietor of a store to display goods in a manner consistent with the nature of the goods and of the business. Compare *Crone* v. *Jordan Marsh Co.* 269 Mass. 289, 292. On the facts disclosed by the evidence, in its aspect most favorable to the plaintiffs, the defendant had the right to assume that there was no reason to anticipate danger to a customer from the lawnmower in the position in which it was placed (see *Mahoney* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 459) and, particularly, that the projection of the handle above the counter was a sufficient warning of the presence of the lawnmower. In these circumstances, moreover, the testimony of the salesman that he was "not paying any special attention" would not support a finding that he was negligent.

2. In view of the conclusion reached it is unnecessary to discuss the admissibility of the affidavit of Mrs. Adriance offered by the plaintiffs and admitted subject to the defendant's exception. In considering the evidence we have assumed in favor of the plaintiffs that the affidavit was admissible.

*Exceptions sustained.*
*Judgment in each case for the defendant.*