JAMES MCCARTHY *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

Bristol.    October 28, 1935. — November 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, Of proprietor of store, Contributory.

At the trial of an action against the proprietor of a store for personal injuries sustained by a customer, testimony by the plaintiff that he entered the store without difficulty, passing two boxes piled at the side of the entrance; that while in the store he saw a clerk move the lower box further out into the entrance; and that as the plaintiff was leaving the store it "appeared to him that he was walking out of the same space that he came in," but that he tripped over the corner of the lower box and fell, without other evidence showing the circumstances of the accident, warranted a finding that the defendant was negligent and did not require as matter of law a finding that the plaintiff was guilty of contributory negligence.

TORT.    Writ dated July 27, 1932.

The action was tried in the Superior Court before *Hanify,*

J., who denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged an exception.

The case was submitted on briefs.

*T. F. O'Brien & S. E. Bentley*, for the defendant.

*J. L. Hurley & W. A. Torphy*, for the plaintiff.

Qua, J. This is an action to recover for personal injuries sustained by the plaintiff at a store of the defendant in Fall River, to which the plaintiff had come as a customer. The jury found for the plaintiff.

The entrance to the store was three and one half feet wide at the door. The plaintiff testified as follows: When he entered the store he saw on his right two bread boxes, one on top of the other, "up against" the right hand side of the entrance. There was sufficient space to go into the store without difficulty. These boxes were about two feet long, a foot and a half wide and a foot and a half deep. The plaintiff ordered a loaf of bread, whereupon the defendant's clerk went to the door where the two boxes were. He first opened the top box, made a remark indicating that it did not contain the desired bread and then pulled out the bottom box eight or nine inches. The top box came with it. He then pushed the top box "back to the wall leaving the bottom box extending out eight or nine inches." He took a loaf of bread from the bottom box, "returned to the store," wrapped up the bread and handed it to the plaintiff, who paid for it. The plaintiff then walked to the door. It "appeared to him that he was walking out of the same space that he came in." As he was stepping down the step at the door, he tripped over the corner of the box that had been pulled out and fell. This was all the evidence bearing on the questions raised.

It was the legal duty of the defendant toward customers whom it invited to its store to exercise proper care to maintain the entrance through which they were expected to pass in suitable condition for their use. *Kennedy* v. *Cherry & Webb Co. Lowell*, 267 Mass. 217, 219. *Adriance* v. *Henry Duncan Corp.* 291 Mass. 202, 203. To place a box upon the floor in such a relation to the door that it projected

out into the space which customers would be likely to pass over in leaving the store could be found to be a violation of that duty. *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18. *McGrath* v. *American Express Co.* 219 Mass. 314. *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401. Compare *Adriance* v. *Henry Duncan Corp., supra.*

Whether on his own testimony the plaintiff was not guilty of contributory negligence is a more difficult matter. He knew of the placing of the box. If the burden had been upon him to prove his due care, it would be hard to say that he had introduced evidence enough to support a finding to that effect. But the burden was upon the defendant to prove that the plaintiff was contributorily negligent. G. L. (Ter. Ed.) c. 231, § 85. The question therefore is whether the plaintiff's testimony is necessarily inconsistent with due care on his part. We cannot say that it is. It does not appear that there was any evidence as to the exact time of day when the accident happened or as to the amount or direction of the light at the entrance. There is no evidence as to how the plaintiff walked toward the door, where he was looking, whether his attention was diverted or what effort he made to avoid the box. The evidence is meager as to the exact position of the box and as to what extent it projected across the door space, except that it appeared to the plaintiff "that he was walking out of the same space that he came in." If all these factors concurred in the manner most favorable to the plaintiff, he might have been careful, even though his testimony be true. One may be in the exercise of due care although he has known of the danger which causes his injury and even although he is aware of it at the time. *Thomas* v. *Western Union Telegraph Co.* 100 Mass. 156. *Dewire* v. *Bailey*, 131 Mass. 169. *Frost* v. *McCarthy*, 200 Mass. 445, 448. *Page* v. *Weymouth*, 207 Mass. 325. Other cases cited above bear also on this issue.

In the opinion of a majority of the court, the order must be

*Exceptions overruled.*