Morton, J.
This is an action of tort in which the plaintiff seeks to recover damages for personal injuries alleged to have been suffered in consequence of the negligence of the defendant in placing, or allowing to remain, an object in a passageway commonly used by customers. The answer was a general denial and a plea of contributory negligence.
The evidence tended to show that on July 8, 1935 the plaintiff entered a store owned and operated by the defendant, to pay a bill and to make possible purchases; that, after payment of the bill, the plaintiff turned and entered a passageway about four feet, more or less, in width, and, in walking through the same, noticed an employee of the defendant. He was leaning over tying the middle one of three cartons situated on a baggage truck on the floor at the extreme right of the passageway in the direction in which the plaintiff was going; that the handles of the truck were twenty-two inches apart, and the right-hand part of the truck was concealed by a partition which protruded into the passageway about eight inches; that the plaintiff tripped over the left-hand handle of the truck which protruded beyond the cartons, and sustained the injuries for which she seeks to recover in this action. There was conflicting testimony as to whether or not the truck had been placed in position before the plaintiff entered the store.
At the request of the plaintiff the Court correctly ruled that it was the duty of the defendant to keep its premises in a reasonably safe condition for the use of its customers, and that the plaintiff was an invitee. Five additional requests for rulings were filed by the plaintiff as follows:
*12 “1, Upon all the evidence the plaintiff is entitled to recover.
2. As a matter of the law the plaintiff is entitled to recover.
5. Upon all the evidence the defendant was negligent in leaving an object in the passageway without warning to the plaintiff.
6. Upon all the evidence the plaintiff could not and did not see the object until she struck the object. .
7. Upon all the evidence the plaintiff was in the exercise of due care.”
These were denied without comment, and no findings of fact were made by the trial judge, who found for the defendant.
Of the requests for rulings the first and second were properly denied as not in accordance with Rule 27 of the Rules of District Courts, and the sixth called for a finding of fact which the court was not obliged to pass upon. The fifth and seventh respectfully requested the Court to rule as a matter of law that the defendant was negligent and the plaintiff was in the exercise of due care.
Rarely can it be ruled in cases of this kind as a matter of law, either that the defendant was, or was not, negligent, or that the plaintiff was, or was not, in the exercise of due care. It was so ruled in Adriance, Administrator vs. Henry Duncan Corp., 1935 A. S. 1497, where it was held that the evidence did not warrant a finding that the defendant was negligent and the finding for the plaintiff was vacated and judgment ordered for the defendant. In that case the injury was caused by falling over a lawn mower, the handle of which protruded above a table used as a counter. The Court said that the plaintiff could have seen the handle if she had looked toward it, and also said that some latitude must be allowed the owner of the store in ' displaying goods. The defendant contends that the Adri *13 ance case is decisive of the instant case. We think, however, that that case was decided largely, if not wholly, upon the fa<jt that the handle of the lawn mower protruded above the counter. We say this because the Court at p. 1498, said:
“And, as a matter of common knowledge, the handle if seen by her would have warned her of the location of the wheels with substantial accuracy. She was not required to look to the floor to receive such a warning as was the plaintiff in Hendricken vs. Meadows, 154 Mass. 599, and in Ginns vs. C. T. Sherer Co., 219 Mass. 18.”
In the instant ease the plaintiff, in order to receive a warning, would be obliged to look to the floor or nearly so. The case is, therefore, more nearly like McCarthy vs. The Great Atlantic & Pacific Tea Company, 1935 A. S. 2527. In that case the plaintiff purchased a loaf of bread, taken out of one of several boxes one on top of another, by an employee, who, after the transaction, left one of the boxes protruding, over which the plaintiff tripped in leaving the store. On the question of the negligence of the defendant, and its duty to customers, the Court says at p. 2528:
“To place a box upon the floor in such a relation to the door that it projected out into the space which customers would be likely to pass over in leaving the store could be found to be a violation of that duty.”
And on the question of the due care of the plaintiff, the Court says on the same page:
“If the burden had been upon him to prove his due care, it would be hard to say that he had introduced evidence enough to support a finding to that effect. But the burden was upon the defendant to prove that the plaintiff was contributorily negligent. The question therefore is whether the plaintiff’s testimony is necessarily inconsistent with due care on his part. We cannot say that it is.”
*14 We cite this case as authority for the proposition that the issues in a case of this kind are ones of fact. This is further, if not conclusively, indicated by the case of Ginns vs. Sherer Company, 219 Mass. 18. In that case the injury to the plaintiff was caused by falling over a hat box improperly placed in a passageway for customers. With regard to negligence of the defendant and due care of the plaintiff, the Court says at p. 19:
“It was for the jury to say whether this obstruction of a much frequented passageway was allowed to exist for so unreasonable a length of time as to constitute a violation of the duty which the defendant owed to the customers invited to its place of business; in other words, whether it failed to exercise reasonable care to keep the premises safe for use according to its invitation.” . . . “It could not be ruled as matter of law that the plaintiff was not in the exercise of due care when she fell over the box. ’ ’
In the instant case we think it was for the trial judge to find as a fact whether the defendant was negligent or whether the plaintiff was in the exercise of due care.
The finding for the defendant imports a finding of all subsidiary facts necessary to that conclusion so far as warranted by the evidence. Engel vs. Checker Taxi Company, 275 Mass. 471.
The general finding for the defendant in this case, therefore, imports subsidiary findings either that the defendant was not negligent, or that the plaintiff was guilty of contributory negligence. Whatever the subsidiary findings in these respects we cannot pronounce them without support in the evidence, and, therefore, they must stand. Crowninshield Shipbuilding Co. v. Jackman, 283 Mass. 21.
Under these circumstances it was not error to deny the fifth and seventh requests of the plaintiff.
An order will be entered dismissing the report.