ALBERTA LOMBARDI *vs.* F. W. WOOLWORTH Co.

Suffolk.    January 4, 1939. — June 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Negligence,* Store, Contributory.  *Practice, Civil,* Requests, rulings and instructions.

Evidence of the circumstances in which the proprietor of a store maintained a weighing scale with its platform protruding sixteen inches into an aisle used by customers warranted a finding that he did not perform the duty he owed his customers to maintain the aisle in a reasonably safe condition.

TORT. Writ in the Municipal Court of the City of Boston dated December 30, 1937.

The Appellate Division ordered dismissed a report by

*Brackett,* J., of a finding for the plaintiff in the sum of $350. The defendant appealed.

The case was submitted on briefs.

*E. C. McCabe,* for the defendant.

*W. J. Cashman & E. I. Monahan,* for the plaintiff.

DONAHUE, J. The plaintiff brought this action, in the Municipal Court of the City of Boston, to recover damages for injuries received while a customer in the defendant's store. She and two companions were walking side by side in the front aisle of the store, which was eight feet nine inches wide. At their right there was a counter where goods were displayed. At the left was the front wall of the store, consisting of a partition back of the front show windows. There was no counter or show case at that side of the aisle. There were persons coming and going in the aisle and the judge found that it was regularly and continuously used by customers in the store. The plaintiff was walking normally, looking ahead as she went along. Her foot came in contact with the platform of a weighing scale on the floor and she tripped and fell. The weighing scale was located near a radiator eight inches wide at the front wall of the store. Its platform was twelve inches wide and twenty-four inches long, and a portion of the scale rose above the platform to the height of five and a half feet. The scale was so placed that its platform extended into the aisle for the distance of sixteen inches beyond the front of the radiator.

The judge took a view of the premises. He found that the defendant was negligent. He did not find that the plaintiff was guilty of contributory negligence. He denied requests for rulings to the effect that as matter of law the evidence was insufficient to warrant a finding for the plaintiff or a finding that the defendant was negligent, that on all the evidence the plaintiff was guilty of contributory negligence, and that the mere fact that the plaintiff tripped over the platform of the scale would, as matter of law, not warrant a finding of negligence on the part of the defendant. He reported his denial of these requests for rulings to the Appellate Division, and there an order was entered dismissing the report.

The defendant owed to the plaintiff as a customer in its store the duty to use care to maintain the aisle in question in a reasonably safe condition. *White* v. *Mugar*, 280 Mass. 73, 75. In performing this duty the defendant was bound to anticipate conditions in the aisle, reasonably foreseeable, that were likely to cause injury to its customers while using the aisle for the purposes for which it was provided. *Falk* v. *Finkelman*, 268 Mass. 524, 527. *Leveillee* v. *Wright*, 300 Mass. 382, 388.

The conclusion was here warranted that the defendant, in placing the weighing scale where it did, reasonably should have anticipated the future existence in the aisle of the conditions there when the plaintiff was injured. People were then coming and going in the aisle as they regularly and continuously did. The presence in the aisle of other customers in considerable numbers would tend to some extent to obscure the view each would have of the floor and of any objects thereon, and to require of each some degree of attention to avoid collisions with others. There were counters on one side of the aisle only, and the greater part of it had the appearance of being dedicated only to the purpose of walking. In view of conditions which the defendant reasonably should have anticipated, the placing and maintaining of the weighing scale so that sixteen inches of its platform extended out into the aisle beyond the radiator warranted, a majority of the court thinks, a finding that the defendant was negligent. *McCarthy* v. *Great Atlantic & Pacific Tea Co.* 292 Mass. 526. *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401. *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18. *Dowling* v. *MacLean Drug Co. Inc.* 248 Ill. App. 270. The case of *Adriance* v. *Henry Duncan Corp.* 291 Mass. 202, is distinguishable in its facts.

On the facts appearing it could not have been ruled as matter of law that the defendant had sustained its statutory burden of proving contributory negligence on the part of the plaintiff.

The defendant's request for a ruling on a portion of the evidence was rightly denied.

*Order dismissing report affirmed.*