CHARLOTTE PARKER *vs.* JORDAN MARSH COMPANY.

Middlesex.   October 8, 1941. — October 31, 1941.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence*, Store.

The position, in a well lighted aisle in a large department store, of a low platform upon which were placed models displaying dresses and over which a customer fell after turning away from a nearby counter, did not warrant a finding of negligence of the proprietor of the store.

TORT. Writ in the Superior Court dated September 28, 1938.

The case was tried before *Leary,* J., and, after a verdict for the plaintiff in the sum of $1,100 was recorded with leave reserved, a verdict for the defendant was ordered entered.

*E. J. Bushell,* for the plaintiff.

*A. F. Bickford,* (*R. B. Snow* with him,) for the defendant.

Cox, J. The only exception is to the allowance of the defendant's motion for the entry of a verdict in its favor on leave reserved after a verdict for the plaintiff. See G. L. (Ter. Ed.) c. 231, § 120. At the trial it was admitted that the defendant was in control of the premises where the plaintiff was injured, and, that she was a customer at the time.

The jury could have found that the plaintiff walked down a "large" aisle to a counter parallel to a wall of the store where zippers were sold. As she proceeded, on her left were counters that were parallel to the aisle, and on her right were the ends of long counters that were at right angles to it. She made a purchase at the zipper counter. Five and one half feet from the left end of this counter as she stood there, and behind her, was a platform, two and one half feet wide, fifty-nine inches long, and three and one half inches high, upon which were life-sized models, without heads, displaying dresses. At the far end of this platform there was a table, two and one half feet wide and five and one half feet long, upon which other merchandise was displayed, and the far end of the table was against a post or column. The platform and table were three and one half feet from the counters on the left of the aisle, and the table was six feet eight inches from the end of the nearest long counter on the right as she stood when making her purchases. At the plaintiff's right was another aisle, ten feet in width, and from the right end of the zipper counter it was ten feet to the end of this nearest long counter. The plaintiff testified that the store was well lighted; that she was in the immediate vicinity of the zipper counter for about twenty minutes talking with an employee; that she

turned around, took a few steps and fell; and that she did not know what she "went over" but knew that she was on the floor. She was seen in the act of falling directly beside the platform, which she testified she had not seen. The only evidence as to where the plaintiff was on the floor was that she was in the aisle, with the platform on her right, that is, that she was not in the three and one half foot space between the platform and the side counters. There was no evidence of any persons in the vicinity other than the plaintiff, the employee with whom she had been talking, and a clerk at one of the counters.

If we assume that the jury were warranted in finding that the plaintiff fell over the platform, and also that she was not contributorily negligent, nevertheless, we are of opinion that there was no error, in that a finding would not have been warranted that the defendant was negligent.

The defendant owed to the plaintiff, as a customer in its store, the familiar duty to use reasonable care to maintain the aisle in question in a reasonably safe condition, and, in performing this duty, it was bound to anticipate conditions in the aisle, reasonably foreseeable, that were likely to cause injury to its customers, who were not contributorily negligent, while using the aisle for the purposes for which it was provided. *Lombardi* v. *F. W. Woolworth Co.* 303 Mass. 417, 419. Upon all the evidence, including a photograph that shows the platform, table and "large aisle" along which the plaintiff walked after entering the store, we are of opinion that it could not have been found that the defendant was not making a reasonable use of its premises consistent with its business, or that it was required to warn the plaintiff against dangers attendant upon their use by her. *Adriance* v. *Henry Duncan Corp.* 291 Mass. 202. *Brooks* v. *Sears, Roebuck & Co.* 302 Mass. 184. The case at bar is distinguishable on the facts from such cases as *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18, *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401, *Blood* v. *Ansley,* 231 Mass. 438, *Kennedy* v. *Cherry & Webb Co. Lowell,* 267 Mass. 217, and *Lombardi* v. *F. W. Woolworth Co.* 303 Mass. 417.

*Exceptions overruled.*