FRANCES KEELEY *vs.* THE MILLER DRUG COMPANY.

Suffolk.   October 7, 1949. — November 4, 1949.

Present: QUA, C.J., RONAN, WILKINS, & SPALDING, JJ.

*Negligence,* Store, Contributory.

Evidence warranted findings that a customer entering a drug store fell because of stumbling over a pail standing on the floor near the door and "in a direct line of travel" to a soda fountain to which he was going, and that the customer's fall was due to negligence of the proprietor of the drug store; and did not require a ruling that the customer was guilty of contributory negligence.

TORT.   Writ in the Municipal Court of the City of Boston dated October 23, 1944.

Upon removal to the Superior Court, the action was tried before *Hudson*, J.

*M. Kabatznick*, (*J. H. Backman* with him,) for the defendant.

*C. S. McLaughlin*, *W. H. McLaughlin* & *G. A. McLaughlin*, for the plaintiff, submitted a brief.

SPALDING, J. In this action of tort the plaintiff had a verdict and the case comes here on the defendant's exception to the denial of its motion for a directed verdict.

A summary of the evidence most favorable to the plaintiff is as follows: The plaintiff testified that at 10:30 Sunday morning, August 13, 1944, she entered the defendant's drug store to purchase a soda at the soda fountain; that she "was not more than three or four feet in when . . . [she] tripped, and . . . [did] not know another thing until . . . [she] came to"; that when she entered the store she was looking at the clerk who was behind the counter; that when she regained consciousness the front of her clothing was soaking wet and her clothing was torn; that she then "saw a bucket upright, not more than four feet from the door near the soda fountain, in a direct line of travel with the front door"; that just before leaving the store she observed a man mopping the floor near the fountain; and that when she entered the store she was looking straight ahead and not at the floor. One Elizabeth McNamara, called by the plaintiff, testified that she had been waiting in the store ten minutes before the plaintiff entered; that there was a "wooden or galvanized pail with a wringer" in the middle of the store not very far from, and directly in line with, the door; that a man was wiping up another part of the floor; and that the plaintiff fell over the pail and landed on her hands. There was evidence that the store was operated and controlled by the defendant at the time of the accident.

In support of its motion for a directed verdict the defendant argues that the cause of the plaintiff's fall was conjectural; that even if it could be found that the pail caused the fall, a finding of negligence on the part of the defendant would not have been warranted; and that in any event the

plaintiff was contributorily negligent. We think that the evidence warranted a finding that the pail was the cause of the accident. It is true that during her cross-examination the witness McNamara testified that she did not "actually see the plaintiff's feet or any part of her body come in contact with the pail." But several times in her testimony she stated that she saw the plaintiff stumble or fall over the pail. At no time did she definitely choose to adhere to one version in preference to the other. See *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405, 406. The effect of her testimony was for the jury. *Sluskonis* v. *Boston & Maine Railroad,* 299 Mass. 413, 415. *Dunbar* v. *Ferrera Bros. Inc.* 306 Mass. 90, 93. *Ruane* v. *Doyle,* 308 Mass. 418, 422.

The defendant owed to the plaintiff as a customer in its store the duty to exercise proper care to maintain the floor in question in suitable condition for her use. *Kennedy* v. *Cherry & Webb Co. Lowell,* 267 Mass. 217, 219. *Coates* v. *First National Stores Inc.* 322 Mass. 563, 565. The placing of a pail upon the floor near the door and at a place customers would be likely to pass over could be found to be a violation of that duty. The case is governed by *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18, *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401, 404, *McCarthy* v. *Great Atlantic & Pacific Tea Co.* 292 Mass. 526, 527–528, and *Lombardi* v. *F. W. Woolworth Co.* 303 Mass. 417, 419, rather than by *Adriance* v. *Henry Duncan Corp.* 291 Mass. 202, *Rego* v. *Sagamore Manuf. Co.* 305 Mass. 346, and *O'Hanley* v. *Norwood,* 315 Mass. 440, on which the defendant relies.

It could not be ruled as matter of law that the defendant had sustained its statutory burden of proving contributory negligence on the part of the plaintiff. The jury might consider that the plaintiff was not lacking in due care in failing to anticipate that a pail would be left on the floor within a few feet from the door and in the line of travel. *McCarthy* v. *Great Atlantic & Pacific Tea Co.* 292 Mass. 526, 528. *Lombardi* v. *F. W. Woolworth Co.* 303 Mass. 417, 419. The testimony of the plaintiff's witness McNamara, to the effect that the plaintiff was walking fast "in a sort of running

fashion," did not bind the plaintiff. *Duff* v. *Webster*, 315 Mass. 102, 103. The plaintiff testified that she was not running but "walked into the store at her regular gait."

*Exceptions overruled.*