DELIA GRIFFIN *vs.* FLETCHER HARDWARE CO., INC.

Middlesex. February 8, 1951. — March 28, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence*, Store.

A finding of negligence on the part of the proprietor of a hardware store toward a customer thereof was not warranted by evidence that while the customer was walking in an aisle in the store about forty inches wide she fell when her foot caught in an obvious loose end of a roll of fence wire extending from the top to the bottom of the roll "on a bias" and projecting six to eight inches into the aisle at the bottom.

TORT. Writ in the Superior Court dated January 21, 1947.
The action was tried before *Beaudreau*, J.
*John J. Sullivan, Jr.*, for the plaintiff.
*A. B. Goodspeed*, for the defendant.
WILLIAMS, J. This is an action in tort to recover dam-

ages for personal injuries received on August 30, 1945, from a fall in a hardware store maintained by the defendant on Mt. Auburn Street in Watertown. After a verdict for the plaintiff, the judge, subject to the exception of the plaintiff, entered a verdict for the defendant under leave reserved. There was evidence that the plaintiff entered the defendant's store for the purpose of making a purchase. A display counter parallel with the street faced the door and two such counters extended along the sides of the store from the front to the rear. The plaintiff waited near the door fifteen or twenty minutes during which time "no clerk appeared to wait on her." She then started to walk down the aisle between the counter to her left and the side wall of the premises. The width of this aisle was about forty inches. At a point opposite to the corner formed by the front and side counters and on the left hand side of the aisle was a "cylinder" or roll of fence wire standing upon end. It was about three feet high and a portion had been "cut away" so that the loose end of the rolled wire extended from the top to the bottom "on a bias" and the bottom portion projected into the aisle a distance of six to eight inches. The plaintiff's left foot caught in the portion of the wire protruding into the aisle and she was caused to fall.

It was the duty of the defendant to use reasonable care to maintain its store in a reasonably safe condition for the use of its customers. *Kelley* v. *Goldberg*, 288 Mass. 79, 81. *Lombardi* v. *F. W. Woolworth Co.* 303 Mass. 417, 419. This was a store for the sale of hardware. The presence of the roll of wire standing apparently in plain view on the floor of the store cannot be said to be evidence of negligence on the part of the storekeeper. The fact that the wire was unrolled to the extent indicated by the evidence was obvious. There is no reason that the defendant's agents should have anticipated that it would be a source of danger to invited persons who would expect to find in the store conditions which would naturally attend the manner in which the business was openly and visibly carried on. *LeBlanc* v. *Atlantic Building & Supply Co. Inc.* 323 Mass. 702, 705, and cases

cited. Compare *Lombardi* v. *F. W. Woolworth Co.* 303 Mass. 417. In the opinion of a majority of the court there was no error in entering the verdict for the defendant.

*Exceptions overruled.*