EMILY A. LETIECQ & another vs. DENHOLM AND McKAY COMPANY.

Worcester.    September 24, 1951. — November 28, 1951.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence*, Store.    *Evidence*, Relevancy and materiality.

A finding of negligence on the part of the proprietor of a shoe store toward a customer was not warranted by evidence that the customer in approaching a clerk passed a footstool and foot measure in plain view in an aisle and knew they were there, but forgot about their presence close to her while talking with the clerk and tripped and fell over them as she turned to leave him.

At the trial of an action against the proprietor of a shoe store for personal injuries sustained by a customer through tripping and falling in an aisle over a footstool used by the clerks while attending to customers, evidence regarding facilities for storage of the stools in the store was immaterial and was properly excluded.

TORT.    Writ in the Superior Court dated May 15, 1947.

The action was tried before *Leary*, J.

*C. W. Proctor*, for the plaintiffs.

*J. A. Crotty, Jr.*, (*J. A. Crotty* with him,) for the defendant.

SPALDING, J.    Shortly after 5 P.M. on March 12, 1946, the female plaintiff, hereinafter called the plaintiff, went to the women's shoe department in the defendant's store for the purpose of purchasing a pair of shoes.    This department contained four aisles which ran through rows of chairs.    The plaintiff walked a few feet into one of the aisles (the width of which was four feet) and asked a clerk who was on duty there whether a certain brand of shoes was sold there.    The clerk told her that that brand was not sold in that department and directed her to "go right over on that side," pointing to another department.    The plaintiff went in the direction indicated by the clerk.    In doing so she turned to her right and tripped over a foot measure and a footstool

and fell.  The place where she fell was in the middle of the
aisle.  She tripped on the foot measure first and this in turn
caused her to fall over the footstool.  The foot measure was
about four inches wide and about three feet long and had a
heel grip on it.  The stool was about three feet long, one
foot wide and one foot high.  The stool was of the type
commonly seen in shoe stores; the "clerk sits on it, and the
customers put their feet on it when the clerk tries on the
shoes."  Just before talking to the clerk the plaintiff had
passed the footstool and knew it was there.  Her conversa-
tion with the clerk lasted about two minutes.  The plain-
tiff had come from the east and as she talked to the clerk
the latter was facing east and the plaintiff was facing west.
During this conversation the footstool was behind the
plaintiff, and when she turned to her right after the con-
versation had ended she had forgotten about the stool.
The stool was about thirteen inches away.  The foot measure
"was not five or six inches away.  She was right beside it."
"She had known it was there before, but forgot all about it
afterward."  It is conceded that the plaintiff was an invitee.

At the conclusion of the evidence, of which the forego-
ing is a summary, the defendant presented a motion for a
directed verdict on each count of the declaration, and the
motion was allowed.[1]  The case comes here on the plaintiffs'
exceptions to this action and to the exclusion of certain
evidence.

The duty owed by the defendant to the plaintiff, a cus-
tomer in its store, is so familiar that a few citations will
suffice.  *Kelley* v. *Goldberg*, 288 Mass. 79, 81.  *Palmer* v.
*Boston Penny Savings Bank*, 301 Mass. 540, 542.  *Parker* v.
*Jordan Marsh Co.* 310 Mass. 227, 229.  *Coates* v. *First
National Stores Inc.* 322 Mass. 563, 565.  Numerous cases
have presented the question whether objects of one sort or
another in a store or similar place and over which a cus-
tomer tripped could be found to constitute negligence on

[1] In the first count the plaintiff seeks compensation for personal injuries;
in the second count consequential damages are sought by her husband.  See
G. L. (Ter. Ed.) c. 231, § 6A, inserted by St. 1939, c. 372, § 1.

the part of the person in control of the premises. In the following cases it was held that findings of negligence were warranted: *Ginns* v. *C. T. Sherer Co.* 219 Mass. 18 (hat box left in the aisle of a millinery department). *Nye* v. *Louis K. Liggett Co.* 224 Mass. 401 (weighing machine in a drug store near the exit). *McCarthy* v. *Great Atlantic & Pacific Tea Co.* 292 Mass. 526 (drawer of bread box projecting into aisle near an entrance). *Lombardi* v. *F. W. Woolworth Co.* 303 Mass. 417 (weighing machine projecting into aisle). *Keeley* v. *Miller Drug Co.* 324 Mass. 692 (pail of water in path of travel between door and soda fountain).

On the other hand, it has been held in the following cases that as matter of law no negligence was shown: *Mahoney* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 459 (sled leaning against radiator). *Adriance* v. *Henry Duncan Corp.* 291 Mass. 202 (lawnmower on display in hardware store). *Brooks* v. *Sears, Roebuck & Co.* 302 Mass. 184 (wooden curbing in parking lot). *Parker* v. *Jordan Marsh Co.* 310 Mass. 227 (platform on which models were displayed). *O'Hanley* v. *Norwood,* 315 Mass. 440 (protruding handle of jack in filling station). *LeBlanc* v. *Atlantic Building & Supply Co. Inc.* 323 Mass. 702 (piece of canvas in driveway of lumber yard). *Griffin* v. *Fletcher Hardware Co. Inc.* 327 Mass. 235 (roll of wire on display in hardware store). Whether a case falls on one side of the line or the other is often difficult and some of the cases cited above are so close that opinions may well differ.

We are of opinion that the case at bar falls within the second group rather than the first. In *Adriance* v. *Henry Duncan Corp.,* cited above, it was said, "Some latitude must be allowed to the proprietor of a store to display goods in a manner consistent with the nature of the goods and of the business" (page 204). Similarly, we think, some latitude must be allowed to a storekeeper to use and have near by equipment reasonably necessary for the sale of his goods. It is a matter of common knowledge that equipment of the sort here involved is customarily used in shoe stores. It was at all times open and obvious to the plain-

tiff. We are of opinion that it would be placing an un-reasonable burden on the defendant's agents to have required them to anticipate that the equipment over which the plaintiff fell was a source of danger of which she should have been warned. "There is no duty upon a landowner to warn a business visitor of dangers, knowledge of which the landowner may reasonably assume the visitor has." *O'Hanley* v. *Norwood,* 315 Mass. 440, 442.

The plaintiffs called one Hand, a buyer in the children's and men's shoe department of the defendant, and asked him the following questions, all of which were excluded subject to the plaintiffs' exceptions: "Is there a place where those seats or stools, I guess you call them — may be put out of the aisle provided in the store?" "What is done with the stools at the close of the day?" "When a shoe clerk has fitted a pair of shoes to a customer, and the customer has — and he has left his stool, being through with that operation with the customer, is there anywhere that those stools may be put?" "Well, do you leave them out in the aisle?" There was no error. Whether the defendant had a place to store the stools was not material on the issue of its negligence. It might have had such a place and yet not have been negligent; or it might not have had such a place and yet have been negligent. The issue was whether, irrespective of the defendant's storage facilities, the presence in its store of the objects which caused the plaintiff to fall constituted negligence.

*Exceptions overruled.*