SAFEWAY STORES, INCORPORATED,
a Maryland Corporation, Plaintiff
In Error,

v.

Doshia SANDERS, Defendant In Error.

No. 39687.

Supreme Court of Oklahoma.

July 3, 1962.

Royse & Meacham, Elk City, plaintiff in error.

J. B. Beaird, Oklahoma City, defendant in error.

JOHNSON, Judge.

This action was brought by Doshia Sanders, hereinafter called plaintiff, for damages for personal injuries sustained in a fall on the premises owned and operated by Safeway Stores, Incorporated, hereinafter called defendant. Upon a trial to the jury, judgment was entered on the verdict for

$1,918.72, and from the order overruling the motion for new trial defendant has appealed.

Defendant owned and operated a mercantile establishment in Cordell, Oklahoma. Plaintiff and her sister were customers of the store on June 13, 1960. They had completed their shopping, and plaintiff went through the checking stand, proceeded down the aisle leading to the exit at the west door, which was the main door of the store, turned toward an ordinary store safe approximately thirty-three inches high, on which she placed her sack of groceries. She straightened the groceries in the sack, took hold of the sack and started to the door to exit. Facing the door where customers exit was an aisle or passageway eighty inches in width, between the checking counter and the door. Against the west wall or windows were two or three chairs for sale, which were described as lawn chairs. They took up a space, so far as interference with progress down the aisle, of not to exceed twenty-four inches, thus leaving fifty-six inches in the aisle space. In turning, plaintiff caught her foot against one of the chairs and sustained some injury.

The defendant argues: (1) error of the court in overruling defendant's demurrer to the petition and objection to the introduction of evidence; (2) error of the court in overruling defendant's demurrer to the evidence; (3) error of the court in refusing to grant defendant an instructed verdict. We shall treat these propositions in a single issue.

It is generally held that it is the duty of the owner of a mercantile establishment to exercise ordinary care to keep the aisles, passageways and such other parts of the premises as are ordinarily used by the customers in a reasonably safe condition. J. C. Penney Company v. Campbell, Okl., 325 P. 2d 1056; Safeway Stores, Inc. v. Whitehead, 190 Okl. 464, 125 P.2d 194.

But the storekeeper is not an insurer. Safeway Stores, Inc. v. Whitehead, supra. He need only exercise reasonable, ordinary, or due care to keep his premises reasonably safe for their use. Champlin Hardware Co. v. Clevinger, 158 Okl. 10, 12 P.2d 683.

The record shows the aisle where plaintiff fell is eighty inches wide. The chairs along the wall were twenty-four inches wide, leaving a clear space of fifty-six inches, or four and two-thirds feet. These chairs were plainly visible and nothing inherently dangerous about them.

We think the rule as set out in the headnote to § 50 on page 541 of 65 C.J.S. Negligence is the correct one.

"The duty to keep premises safe for invitees applies only to defects which are in the nature of hidden dangers, and the invitee assumes all normal or obvious risks attendant on the use of the premises."

In the case of Magnolia Petroleum Co. v. Barnes, 198 Okl. 406, 179 P.2d 132, it is said in the body of the opinion:

"* * * Defendant was an independent contractor, but as an independent contractor, deceased was the defendant's invitee. It is the duty of the owner to keep the premises reasonably safe for the performance of work by a contractor; this duty applies to conditions which are in the nature of a hidden danger, traps, snares, pitfalls, and the like; they are not ordinarily known to the invitee and if not observed by the invitee, he can exercise no kind of care to avoid injurious consequences of them; the invitee assumes all ordinary risks attendant upon the use of the premises; the owner is under no legal duty to alter the premises so as to eliminate known and obvious dangers. City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462; 45 C.J. 837. * * *"

In the case of City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462, the third paragraph of the syllabus by the court reads:

"The invitee assumes all normal or ordinary risks attendant upon the use

of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of ordinary care."

■ We can see nothing inherently dangerous in a row of chairs which were in plain sight and adjacent to which there was ample aisle space.

As was said in the syllabus in Adriance v. Henry Duncan Corporation, 291 Mass. 202, 196 N.E. 906:

"Some latitude must be allowed proprietor of store to display goods in manner consistent with nature of goods and of business, where negligence is claimed in action for customer's injuries."

This rule is confirmed in the case of Griffin v. Fletcher Hardware Co., Inc., 327 Mass. 235, 97 N.E.2d 744, where we find the following in the body of the opinion:

"It was the duty of the defendant to use reasonable care to maintain its store in a reasonably safe condition for the use of its customers. Kelley v. Goldberg, 288 Mass. 79, 81, 192 N.E. 513; Lombardi v. F. W. Woolworth Co., 303 Mass. 417, 419, 22 N.E.2d 28. This was a store for the sale of hardware. The presence of the roll of wire standing apparently in plain view on the floor of the store cannot be said to be evidence of negligence on the part

of the storekeeper. The fact that the wire was unrolled to the extent indicated by the evidence was obvious. There is no reason that the defendant's agents should have anticipated that it would be a source of danger to invited persons who would expect to find in the store conditions which would naturally attend the manner in which the business was openly and visibly carried on. LeBlanc v. Atlantic Building & Supply Co., 323 Mass. 702, 705, 84 N.E. 2d 10, and cases cited. Compare Lombardi v. F. W. Woolworth Co., 303 Mass. 417, 22 N.E.2d 28. In the opinion of a majority of the court there was no error in entering the verdict for the defendant."

There was no hidden danger here. There was nothing inherently dangerous in the merchandise displayed. There was ample aisle space. The whole situation was entirely visible and obvious to the plaintiff invitee.

We therefore hold that under the facts and circumstances in this case there was no actionable negligence on the part of the company to warrant a recovery, and the demurrer to the evidence should have been sustained.

Reversed with directions to dismiss the petition.

BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JACKSON and IRWIN, JJ., concur.

WILLIAMS, C. J., dissents.