Hinkle, J.
This action arises out of a fall of plaintiff Doris L. Robinson (“Mrs. Robinson") occurring at defendant’s supermarket. Plaintiffs allege negligence on the part of defendant in failing to maintain reasonably safe premises. Plaintiff George Robinson (“Mr. Robinson”), Mrs. Robinson’s husband, sues for consequential damages.
Defendant moves for summary judgment under Mass.R.Civ.P. 56. For the reasons stated below, after hearing, the motion is ALLOWED

BACKGROUND

Plaintiffs do not challenge defendant’s statement of the following facts. This case arises from Mrs. Robinson’s fall which occurred in bright daylight on October 11, 1997 at defendant’s store in Acton. At the time of the fall, Mr. and Mrs. Robinson were walking from the store parking lot toward the main entrance of the store. As a result of observing the crowded main entrance to the store, Mrs. Robinson decided to take a different route towards the entrance. She went to her left around one of several outside columns in front of the store, intending to approach the entrance from the side. As she did so, she had to step over a curb. On the sidewalk, after the curb and situated next to the column, was a blue painted bicycle rack. As Mrs. Robinson stepped up onto the curb, she tripped on either the curb itself or part of the bicycle rack.
The curb was of standard construction and painted bright yellow. The bicycle rack was of standard type, painted royal blue, and situated up against the large column on top of the sidewalk. The sidewalk itself was constructed of light gray-colored concrete. Plaintiffs do not allege that any of these items was defective at the time of Mrs. Robinson’s fall.
Mrs. Robinson claims that, as she turned the column, she was looking ahead generally and taking the whole view in sight. She did not look down when she stepped onto the curb, and she was not paying attention to it. There was nothing impeding Mrs. Robinson’s view of the bicycle rack once she rounded the column. Once she rounded the corner, Mrs. Robinson was “almost on top” of the bicycle rack.
*486 Mr. Robinson, initially to the left of Mrs. Robinson, was following behind her at the time immediately before her fall. He did not have an opportunity to observe where Mrs. Robinson was looking when she stepped onto the curb. He also did not observe what Mrs. Robinson caught her foot on before she fell.

DISCUSSION

This Court allows summary judgment when there are no genuine issues of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Casesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and showing that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a material fact to defeat the motion. Id. at 17.
It is settled law that the duty owed Mrs. Robinson by the defendant was use of due care to maintain its premises in a reasonably safe condition or to warn of dangers not obvious to the ordinary person and which an ordinary person likely would not be expected to know, but which were known or should have been known to defendant. Benjamin v. O’Connell & Lee Mfg. Co., 334 Mass. 646, 649 (1956). It is also settled law that a defendant in a premises liability case is not obliged to supply a place of maximum safety, but only one which is safe to a person who exercises such minimum care as the circumstances reasonably indicate. Toubiana v. Priestly, 402 Mass. 84, 88 (1988).
Defendant also did not have a duty to warn Mrs. Robinson of a risk that would be obvious to a person of average intelligence. Id. at 89. Mrs. Robinson was obliged to use her faculties for her own protection and to guard herself from obvious hazards. Id. The danger did not have to be precisely identifiable by Mrs. Robinson. See id. Mrs. Robinson was also required to make reasonable inferences that persons of ordinary intelligence would make while exercising reasonable care for their own safety. See Toubiana, 402 Mass. at 88; see also, e.g., Adriance v. Henry Duncan Corp., 291 Mass. 202, 204 (1935) (granting summary judgment against elderly plaintiff who tripped over wheel of partially concealed lawnmower in hardware shop; plaintiff should have seen lawnmower handle and inferred position of wheels). Defendant has a right to assume of invitees exercise of ordinary circumspection as to their footing. See Brooks v. Sears, Roebuck. & Co., 302 Mass 184, 187 (1934).
In this case Mrs. Robinson claims that she tripped over the bicycle rack leg protruding parallel to the curb. She has put forth no evidence that the bicycle rack or the curb was defective or lacking in maintenance. She concedes that the area was well lit. Also, she does not deny that she had an unobstructed view of the bicycle rack once she rounded the column, and acknowledges that she was alerted to the presence of something behind the column. Mrs. Robinson admits she did not look down, and that she rounded the curb without paying attention.
Given these uncontested statements I find and rule that there is no negligence as a matter of law. The mere presence of standard construction bicycle racks and curbs at a supermarket entrance is not per se an unreasonably dangerous condition. Defendant in this case was not required to warn Mrs. Robinson of the curb or the bicycle rack because any risk from either item was open and obvious. Because of my ruling on Mrs. Robinson’s claim, Mr. Robinson’s claim for damages fails as a matter of law.

ORDER OF JUDGMENT

For the foregoing reasons, summary judgment shall enter for defendant.