**SAFEWAY STORES, INCORPORATED,**
a foreign corporation, and Edwin
Tatum, Plaintiffs in Error,

v.

**Rachel C. FEEBACK, Defendant in Error.**

No. 40262.

Supreme Court of Oklahoma.

Jan. 7, 1964.

Rehearing Denied March 17, 1964.

Hudson, Hudson, Wheaton, Kyle & Brett, Tulsa, for plaintiffs in error.

Walker & Gilder, Tulsa, for defendant in error.

WILLIAMS, Justice.

The question to be determined in this appeal is whether the customer of a retail food store may recover money damages from the owner and manager thereof, respectively, for personal injuries said to have proximately resulted from a fall caused by

her slipping on some carrots which were lying on the floor of an aisle necessarily traversed by plaintiff and other customers in the course of their shopping, absent any proof whatsoever that store personnel either placed the carrots or knew or should have known they were there and so could have removed them or warned plaintiff.

This appeal arises from an action instituted by defendant in error, hereinafter referred to as plaintiff, for damages for personal injuries plaintiff allegedly sustained when she slipped on some carrots on the floor of the store of plaintiff in error, hereinafter referred to as defendant or by name, Safeway. Such Safeway store was managed by plaintiff in error, Edwin Tatum, hereinafter referred to as defendant or by name.

The plaintiff in her petition alleged that on December 23, 1959, at approximately 2:30 P.M. she entered defendant's store to make some purchases; that as she was passing the vegetable counter "she stepped upon some vegetables which were negligently left on the floor by said defendant and the agents, servants and employees thereof, causing same to be slick and causing this plaintiff to slip and fall violently to the floor"; that "such fall resulted in severe painful and permanent injuries" to her.

Plaintiff further alleged that defendants were guilty of negligence in that they failed to furnish plaintiff a reasonably safe place to shop; that they permitted said vegetables to be and remain on the floor when they knew or by the exercise of ordinary care should have known that such would cause the floor to be slick and dangerous and likely cause its customers to fall; that defendants failed to inspect said floor and remove said vegetables from the floor.

The defendants for their answer pleaded a general denial and that plaintiff was guilty of contributory negligence.

For reversal of the judgment based upon and approving a $1500.00 verdict for plain-

tiff, defendants advance two propositions. The first is:

"The Court erred in overruling the defendants' demurrer to the evidence and motion for directed verdict because of the plaintiff's failure to prove any negligence on the part of the defendants".

Under such proposition defendants contend that "The record is void of any evidence of the defendants having knowledge of foreign matter on its floor, that defendants having created such a condition or that such condition existed for sufficient time the defendants through the exercise of ordinary care should have known of the conditions".

On the issue of negligence there were three witnesses, plaintiff, Mrs. Billings and defendant Tatum. The plaintiff testified:

"A. Well, as I entered the vegetable counter why I slipped and fell.

"Q. Were you looking at the vegetables?

"A. Yes." ·

\* \* \* \* \* \*

"A. Well, I fell and then was—and there was a sack—there were carrots in it. There were some of the carrots in the sack and some on the floor, as I said before.

"Q. All right. Did you see those before you fell or after you fell?

"A. No sir, I did not. It was after I fell".

Mrs. Billings testified that she did not see plaintiff fall; that she saw two ladies "helping her up"; that there "was a mess of carrots on the floor" around plaintiff.

Mr. Tatum testified:

"A. We continually attempt to police the floor and pick up produce and anything that would be an accident hazard, that is part of our job. Incidentally, we always sweep the floor every day and we have a full time employee and if he is occupied, the produce employees sweep it and if they're occupied, I have swept it myself. Produce on the floor can be a continuing hazard".

In the case of Safeway Stores, Inc., **v.** Criner, Okl., 380 P.2d 712, in the first and second paragraphs of the syllabus we held:

"A store owner was not an insurer of safety of customer who slipped on floor, but only owed duty to customer, as a business invitee, to exercise reasonable care to keep premises in reasonably safe and suitable condition so that when customer entered store upon invitation, she would not be necessarily or unreasonably exposed to danger.

"Unless it is established that customer slipped on store floor through negligence of store owner's employees, or because of condition of which owner had actual or constructive notice, there can be no recovery."

The burden was upon the plaintiff to prove negligence of the defendants. See Safeway Stores, Inc. v. Criner, supra, and cases therein cited.

Our thorough study of the record reveals no evidence of effect that defendants knew or in the exercise of ordinary care should have known of the presence of the carrots on the floor.

Plaintiff relies upon certain cases, each of which is distinguishable from the case at bar.

In J. C. Penney Co. v. Campbell, Okl., 325 P.2d 1056, the only substance on the floor and upon which plaintiff slipped had been put there by defendant's employees.

The case of M & P Stores, Inc. v. Taylor, Okl., 326 P.2d 804, involved a hole in the floor which caused the plaintiff to fall. Therein we said: "The nature of the condition clearly shows that it was of long duration."

In the case of Pratt v. Womack, Okl., 359 P.2d 223, a stack of canned food fell, injuring plaintiff. Therein we stated: "We hold that there is sufficient evidence to make a prima facie case, on the theory that the cans were probably stacked by defendants' employees and/or that defendants knew or should have known of the condition for a

sufficient length of time to have remedied same".

In the case of Owen v. Kitterman, 178 Okl. 482, 62 P.2d 1193, the employees of defendant knew of the dangerous condition which was created by allowing wet or damp beans to lie on the floor.

In each of the above cases so cited by plaintiff there was evidence that the defendant had either actual or constructive notice of the condition which caused the plaintiff to slip (or be struck). Such is not true here. In this case the carrots had been stacked on the vegetable counter. There was no evidence as to how they came to be on the floor or as to how long they had been there.

Reversed with directions to grant a new trial.

HALLEY, V. C. J., and WELCH, DAVISON and JOHNSON, JJ., concur.

JACKSON, IRWIN and BERRY, JJ., concur in part and dissent in part.

BLACKBIRD, C. J., dissents.