Margaret **LINGERFELT** and Wesley Lingerfelt, Appellants,

v.

**WINN–DIXIE TEXAS, INC.,** a corporation, Appellee.

No. 53233.

Supreme Court of Oklahoma.

March 23, 1982.

Rehearing Denied April 27, 1982.

Frank W. Davis, Guthrie, for appellants.

Foliart, Mills & Niemeyer, Oklahoma City, for appellee.

DOOLIN, Justice:

This is a "slip-and-fall" case with a different twist. Shall the traditional "notice" requirement to storekeeper be waived in situations of negligence in the *display and packaging* of goods? We answer in the affirmative.

Margaret Lingerfelt (Shopper) stopped at defendant's Guthrie store (Store) one Sunday afternoon to pick up a few items. Just inside the front door she noticed a display of strawberries, heaped high in uncovered containers. The strawberries were not covered with cellophane because Store's wrapping machine was broken. While in a different part of the store, Shopper slipped on some strawberries which had fallen on the floor from an unknown source. She suffered extensive injuries and sued Store.

The jury returned a verdict finding each party "0%" negligent and assessed Shopper's damages at $4,636.00.

Shopper appeals, on the single issue of improper instruction.[1]

Shopper requested the following instruction which was denied:

"The burden is on the plaintiff in a slip and fall case to prove by a preponderance of the evidence either that:

1. . . .

2. . . .

3. It was reasonably foreseeable that dangerous condition was created by or might arise from the means used by a storekeeper to exhibit commodities for sale and that such dangerous condition was the proximate cause of the injuries of plaintiff."

The instruction which the Court gave follows:

"The burden is on the plaintiff in a slip and fall case to prove by a preponderance of the evidence either that:

1. . . .

2. . . .

3. The fall was proximately caused by a dangerous condition created by the storekeeper or an employee and that such condition existed for a sufficient time for the storekeeper or employee to have had actual or constructive knowledge thereof and to have it removed in the exercise of ordinary case." (Emphasis added).

The distinction is simple. The Court's instruction required a finding of "notice" of the spilled strawberries; the plaintiff's instruction did not, but in effect called for liability for negligent display or packaging.

Shopper alleges Store was negligent in allowing strawberries to be sold in unwrapped containers heaped so high they could easily fall on the floor at any point in the Store, thus creating a hazard to customers.

Store argues it should be held liable only if it had actual or constructive notice of the strawberries which had fallen on the floor, and Shopper failed to prove such notice. Shopper argues such notice should not be required due to the inherent hazard in the method of packaging and display and customers' habits.

Oklahoma has usually relied on the notice requirement in past "slip and fall" cases

---

1. Store does not appeal on the form of the verdict, and therefore we reach no conclusion on the validity of such verdict.

involving grocery stores,[2] but we have never been presented with a case involving alleged dangerous display and packaging of goods in this fashion.

A recent Oklahoma "slip and fall" case summed up the traditional requirement of notice:

> "The pivot of liability sought to be imposed here on the Owner is timely notice of danger. An invitor cannot be held responsible unless it be shown that he/she had notice or could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence." *Rogers v. Hennessee,* 602 P.2d 1033 (Okl.1979).

However, in *Rogers* we also said: "*Absent evidence that invitor created the condition* or that he/she failed to warn of or remove a peril known to exist, a demurrer must put an end to a 'slip and fall' litigation based on negligence." See 602 P.2d at 1035.

In *Rogers* a dangerous condition was caused by water spilling from wash sinks in a beauty school. We said the invitor did not create the condition of the spilled water, and had no notice of it, and therefore was not liable.

In *Safeway Stores, Inc. v. Feeback,* supra footnote 1, the Shopper slipped on some carrots on the floor of the store near the vegetable counter. Shopper presented no evidence of negligence of the store or its employees and we said, "Unless it is established that customer slipped on store floor through negligence of store owner's employees, or because of condition of which owner had actual or constructive notice, there can be no recovery." [3]

In *Fuller v. Rahill,* supra footnote 1, Shopper slipped on some fruit near the produce rack in the store. We denied liability on the grounds the Shopper failed to prove the store employees either placed the offending fruit on the floor or caused it to fall there through their negligence.

Shopper points to a trend [4] in some jurisdictions which hold stores liable for the spills of their self-service customers, regardless of actual notice and failure to clean up. The cases call for a higher standard of care in self-service facilities, whether supermarkets or cafeterias. A leading case in this line is *Ciminski v. Finn Corporation,* 13 Wash.App. 815, 537 P.2d 850, 85 A.L.R.3d 991 (1975), wherein a cafeteria customer slipped on a spilled liquid while walking through the line. *Ciminski* turned on the fact that the cafeteria had no written policy on maintenance; employees were often reminded to look out for food on the floor and told to clean it up immediately upon discovery. No one employee was responsible for policing the area. The *Ciminski* court concluded:

> "Requiring the owner of a self-service operation to exercise reasonable care in protecting his business invitees from the foreseeable risks of his method of doing business does not make such owner an insurer of those on his premises. If he has taken all precautions reasonably necessary to protect his invitees from injury, he is not liable merely because someone is injured on his property."

The court concluded that Mrs. Ciminski's evidence "created a genuine issue as to whether Finn had taken reasonable precautions for her safety." The court did not dispense with the notice requirement; it expanded it: "An owner of a self-service operation has actual notice of these problems (shoppers handle goods and may not be as careful as store employees.) In choosing a self-service method of providing items, he is charged with the knowledge of the foreseeable risks inherent in such a mode of operation .... An owner is required to take reasonable precautions against such deceptive conditions on his premises to prevent injury to patrons."

**2.** *Safeway Stores, Inc. v. Keef,* 416 P.2d 892 (Okl.1966). *Safeway Stores, Inc. v. Feeback,* 390 P.2d 519 (Okl.1964). *Fuller v. Rahill,* 496 P.2d 785 (Okl.1972). *Kassick v. Spicer,* 490 P.2d 251 (Okl.1971).

**3.** 390 P.2d at 521.

**4.** 85 A.L.R.3d 1000.

"This rule does not create a higher standard of care for self-service operations. It is axiomatic that a property owner or occupier is required to use reasonable care toward his business invitees. What is reasonable depends upon the nature and the circumstances surrounding the business conducted. One of the circumstances to be considered is the method of operation."

Shopper, by citing the rationale of *Ciminski*, supra, would have us hold Store strictly liable for injuries caused by spilled produce, regardless of how and by whom the produce was spilled and regardless of notice of the spillage and/or opportunity to clean it up, simply because Store adopted the self-service mode of display. This we cannot do. We do not view self-service display, in and of itself, so inherently dangerous to warrant imposition of a strict liability doctrine. In today's marketing climate the store owner has no other choice; he cannot revert back to method of selling of our grandparents' days. To do so would invite competitive problems.

 He can, however, maintain as safe a shopping environment as possible, self-service and shopping habits taken into account. In fact, he owes such a duty to his shopper. To do otherwise, by the display of goods in an unsafe or negligent manner, invites liability on grounds he had at least constructive notice of the dangerous condition. When a shopper has shown that circumstances were such as to create the reasonable probability that a dangerous condition (e.g. uncovered, heaped strawberries), would occur, the invitee need not also prove that the business proprietor had notice of the specific hazard (spilled strawberries) in order to show the proprietor breached his duty of due care to the invitee. *Bozza v. Vornado, Inc.*, 42 N.J. 335, 200 A.2d 777 (1964).

That the strawberries, heaped up in an uncovered basket, created a condition prior to the accident cannot be disputed, but was it such a "condition" that liability can be predicated thereon? The proper rule is set forth in *Pepsi-Cola Bottling Company of Tulsa v. Von Brady*, 386 P.2d 993, 996 (Okl. 1963), wherein this Court said:

"Liability cannot be predicated on a prior and remote cause which merely furnishes the condition or occasion for an injury resulting from an intervening unrelated and efficient cause, even though the injury would not have resulted but for such condition or occasion; *but a condition from which injury might have been anticipated* or which rendered the avoidance of injury impossible will be the proximate cause notwithstanding an intervening agency." (Emphasis supplied).

The above rule is not new to Oklahoma. It was cited with approval in *Spicers, Inc. v. Rudd*, 199 Okl. 576, 188 P.2d 692 (Okl.1947). *Spicers* cited a 1911 case for the following, "The rule seems to be that where the negligent act causes consequences such as in the ordinary course of things, were likely to arise, and which might, therefore reasonably be expected to arise, or which it was contemplated by the parties might arise, liability follows; otherwise not." *Stephens v. Oklahoma City Ry. Co.*, 28 Okl. 340, 114 P. 611 (1911).

 The transcript discloses that at least three of defendant's employees were aware that "safety" was one reason for covering the strawberry baskets.[5] In other words, defendant "anticipated" injury might result if the strawberries were uncovered.

The Restatement of Torts, Second, § 302 also speaks to the issue at subsection (d):

---

**5.** Testimony of Raymond Brown, co-manager of defendant:

"Q. And what was the reason for this wrapping of the strawberries?
A. Well, people are always picking in the strawberries when they are unwrapped, they do have a tendency to fill their own containers like they like them and pick through them.

Q. Were there safety reasons also?
A. Well, I would have to say yes to that.
Q. Why would you say yes?
A. Well, it keeps the strawberries from being dropped on the floor for one thing or keeps people from getting into 'em if they're wrapped." See Trial Transcript page 46.

d. *Probability of intervening action.* If the actor's conduct has created or continued a situation which is harmless if left to itself but is capable of being made dangerous to others by some subsequent action of a human being or animal or the subsequent operation of a natural force, the actor's negligence depends upon whether he as a reasonable man should recognize such action or operation as probable. The actor as a reasonable man is required to know the habits and propensities of human beings and animals and the normal operation of natural forces in the locality in which he has intentionally created such a situation or in which he knows or should realize that his conduct is likely to create such a situation. (See § 290.) Insofar as such knowledge would lead the actor as a reasonable man to recognize a particular action of a human being or animal or a particular operation of a natural force as customary or normal, the actor is required to anticipate and provide against it. The actor is negligent if he intentionally creates a situation, or if his conduct involves a risk of creating a situation, which he should realize as likely to be dangerous to others in the event of such customary or normal act or operation. (See § 303.)

e. *Meaning of "normal."* The actor as a reasonable man is required to anticipate and provide against the normal operation of natural forces. And here the word "normal" is used to describe not only those forces which operate periodically or with a certain degree of frequency.

We followed this rationale in *Pratt v. Womack*, 359 P.2d 223 (Okl.1961), wherein canned goods stacked by store employees fell on a shopper's foot. We found sufficient evidence for a prima facie case based on the negligent stacking of the cans in an irregular manner.

A key element of the evidence is that three different store employees admitted that "safety" was one reason (although not the primary one) for covering the strawberries with cellophane. Testimony also revealed there was an alternative to using the broken wrapping machine: cellophane could have been placed over the strawberries with a rubber band according to Raymond Brown, co-manager. However the area supervisor, Leroy McNally, instructed the produce manager to display the strawberries unwrapped and heaped up.

In past "slip and fall" cases involving self-service markets we have steadfastly refused to make the store an insurer of its customers, but have required proof of an act of negligence on its part, such as lack of due diligence in watching for and/or cleaning up spillages, which led to the condition which caused the accident. Our decision today does not alter that rule. Once the plaintiff introduces evidence which proves by a preponderance of the evidence that the defendant failed to exercise due care, the defendant may then attempt to negate said evidence by proving he did in fact exercise due care. See *Kassick v. Spicer*, 490 P.2d 251 (Okl.1971). Thus, it could not be said that this rule makes the store an insurer. *Bozza v. Vornado*, supra.

We hold simply that when an invitor creates such a foreseeable, unreasonable risk, whether by the direct act of an employee or by his own indirect carelessness or negligence, he is liable for the consequences thereof and Shopper need not prove notice of the specific condition thus created.

REVERSED AND REMANDED FOR NEW TRIAL.

LAVENDER, SIMMS and OPALA, JJ., and CORNISH and BRETT, Special Judges, concur.

IRWIN, C. J., BARNES, V. C. J., and HODGES, J., dissent.

The Honorable TOM CORNISH was appointed the special judge to fill the vacancy created by the death of WILLIAMS, J. The Honorable TOM BRETT was appointed special judge in place of HARGRAVE, J., who filed his disqualification.

BARNES, Vice Chief Justice.

I respectfully dissent. I agree with the majority opinion that notice is not required to be shown in a "slip-and-fall" cause of action when the store "created the condition." *Rogers v. Hennessee*, 602 P.2d 1033 (Okl.1979). Generally, under Oklahoma law the plaintiff has available two viable theories to prove that the defendant breached his duty of care. First, the plaintiff may prove that a dangerous condition resulted from a negligent act of the store owner or his employees. See *Safeway Stores, Inc. v. Feeback*, 390 P.2d 519 (Okl.1964); *Fuller v. Rahill*, 496 P.2d 785 (Okl.1972). Second, where the dangerous condition is not attributable to the negligence of the store owner or its employees the plaintiff may show either that the store owner had actual knowledge of the condition or such condition existed for such a period of time that in the exercise of due care he should have discovered the dangerous condition. *Safeway Stores, Inc. v. Keef*, 416 P.2d 892 (Okl. 1966). However, under both theories the plaintiff must not only prove that the defendant breached his duty of care to keep the premises in a reasonably safe condition and was therefore negligent, but he must also prove that the defendant's negligence was the proximate cause of the injury.

In the present case, therefore, Lingerfelt was not required to prove notice under her theory that Winn-Dixie breached its duty of care and was negligent in its method of displaying the strawberries. In order to recover she was, however, required to prove that Winn-Dixie breached its duty of care and was negligent in displaying the strawberries and that this negligence was the proximate cause of her injuries.

I dissent to the majority's conclusion that Lingerfelt proved under the evidence that Winn-Dixie breached its duty of care and was therefore negligent in displaying strawberries in unwrapped containers, and I also dissent to the majority's conclusion that Lingerfelt proved under the evidence that such method of display and packaging was the proximate cause of her injuries.

Lingerfelt in this case was required to prove by a preponderance of the evidence that Winn-Dixie failed to exercise due care in its method of packaging and displaying strawberries. I think she failed to do so. The store owner is not an insurer of the safety of his customers, but owes them a duty to exercise reasonable care to maintain the premises in a reasonably safe condition and to warn of any hidden dangers. *Rogers v. Hennessee, supra; Safeway Stores, Inc. v. Criner*, 380 P.2d 712 (Okl.1963). An invitee assumes all normal, ordinary or obvious risks attendant upon the use of the premises, and the owner or occupant is not liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of ordinary care. *DeBaca v. Kahn*, 49 N.M. 225, 161 P.2d 630 (1945). *Safeway Stores, Inc. v. Sanders*, 372 P.2d 1021 (1962). What constitutes due care of a store owner must be determined by the circumstances and conditions surrounding the transaction under consideration. *DeBaca v. Kahn, supra; Mahoney v. J. C. Penney Company*, 71 N.M. 244, 377 P.2d 663 (1963). The court in the *DeBaca* case stated:

"... the true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted ..."

I can see nothing inherently or obviously dangerous in a display of strawberries in unwrapped containers which were in plain sight and similar to all other displays of fruits and vegetables in the area. Fruits and vegetables such as oranges, bananas, apples, potatoes, etc. are normally displayed in an unwrapped condition. We cited with approval in *Safeway Stores, Inc. v. Sanders, supra*, the Massachusetts case of *Adriance v. Henry Duncan Corporation*, 291 Mass. 202, 196 N.E. 906 where that court stated:

"Some latitude must be allowed proprietor of store to display goods in manner consistent with nature of goods in a business, where negligence is claimed in action for customers' injuries."

There is no reason that Winn-Dixie should have anticipated that such a display of strawberries in an unwrapped condition would be a source of danger to invited persons who would expect to find in the store conditions which would naturally attend the manner in which the business was openly and visibly carried on. There was no hidden danger here. There was nothing inherently or obviously dangerous in the strawberries display. Displays of fruits and vegetables including the strawberry display was entirely visible and obvious to an invitee. Therefore, it is my opinion that under the facts and circumstances in this case, Lingerfelt failed to prove that Winn-Dixie breached its duty of care in displaying the strawberries, and therefore she failed to prove negligence on the part of Winn-Dixie. Absent such evidentiary proof the case should not have gone to the jury. See *Rogers v. Hennessee, supra; Safeway Stores, Inc. v. McCoy,* 376 P.2d 285 (Okl. 1962).

Not only, in my opinion, did Lingerfelt fail to prove that Winn-Dixie's method of displaying and packaging strawberries was negligent, but she also failed to prove that this alleged negligence was the proximate cause of her injuries. In order to discuss the proximate cause issue in this case, I must assume that the method of displaying the strawberries was negligent as "the application of proximate cause presupposes negligence." *Hardware Mutual Insurance Company v. Lukkin,* 372 F.2d 8 (C.A.Okl. 1967). Therefore assuming arguendo that Winn-Dixie was negligent in displaying and packaging the strawberries, was there any evidence that this negligence was the proximate cause of her injuries? Lingerfelt's injuries must have resulted directly and proximately from Winn-Dixie's negligence in the method of packaging and displaying of the strawberries before Winn-Dixie will be liable therefrom. *Woodward v. Kinchen,* 446 P.2d 375 (Okl.1968). In this case there is absolutely no evidence whatsoever as to how the strawberry got on the floor. We do know that the strawberry was on the floor several aisles away from the strawberry display. There are innumerable possibilities that come to mind. Did it fall out of its container because a shopping cart tipped over? Did it fall because someone put something in the basket on top of it and tipped the container over? Did a customer dislodge the berry while obtaining a berry to eat? Did a customer pick up a berry to eat from the display and then discard it on the floor several aisles away? Were customers playing catch with the strawberries? Many more examples can be envisioned, however, suffice it to say that there is no evidence that the so called negligent display of strawberries caused Lingerfelt's injury. The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury, and if the negligence complained of merely furnishes a condition by which the injury was possible and a subsequent act caused the injury, the existence of such condition is not the proximate cause of the injury. *Thur v. Dunkley,* 474 P.2d 403 (Okl. 1970).

As was said in *Barrans v. Hogan,* 62 N.M. 79, 304 P.2d 880 (1956):

"... to say that the defendant did have knowledge that particles of food might fall to the floor at anytime, is not sufficient to charge them with negligence as the *cause* of plaintiff's misfortune." (Emphasis added.)

Lingerfelt must produce more than a mere showing of negligence in order to recover from Winn-Dixie for the acts of third persons. What the majority seems to imply is that if the Lingerfelts can show the possible presence of negligence on the part of Winn-Dixie in its packaging and displaying of strawberries, then she need proceed no further and the burden will shift to Winn-Dixie to prove that it in fact exercised due care and was not negligent. The majority says, in effect, that negligence alone is sufficient without any showing of proximate cause. In my opinion this is not the law and because of this "void" in the evidence as to the proximate cause issue the case should not have been submitted to a jury on this theory that a negligent act of the store owner in packaging was grounds

492

for recovery. Where the admitted facts failed to show a causal connection between the act of negligence and injury alleged to have resulted therefrom, existence of proximate cause is a question of law for the court and it is the duty of the trial court to enter judgment for defendant. *Cheatham v. VanDalsen*, 350 P.2d 593 (Okl.1960); *Schlender v. Andy Jansen Company*, 380 P.2d 523 (Okl.1963). The trial court correctly surmised that this was a case where notice to the store owner of the strawberry being on the floor was the only viable question to be submitted to the jury.

In conclusion, the majority's ruling in my opinion in effect amounts to imposition of liability on a "no fault basis" and store owners who display their fruits and vegetables in their usual and customary manner will become insurers. The result, of course, will be that stores will be forced to wrap in cellophane or other containers, their fresh produce which in my mind is not warranted or desired by the average store customer.

I am authorized to state that IRWIN, C. J., and HODGES, J., join in the views herein expressed.