**Edna L. COBB, Appellant,**

v.

**SKAGGS COMPANIES, INC., a Delaware corporation, Appellee.**

No. 55152.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 28, 1982.

Rehearing Denied Feb. 22, 1983.

Released for Publication by Order of Court of Appeals March 25, 1983.

---

Michael Gassaway, Miskovsky & Gassaway, Oklahoma City, for appellant.

John R. Couch, Oklahoma City, for appellee.

BOYDSTON, Presiding Judge.

Plaintiff Edna L. Cobb (Shopper) alleges she slipped on some spilled produce and fell to the floor while shopping in a grocery store owned by Defendant Skaggs Companies, Inc. (Store). She alleges her resulting injuries were caused by Store's negligent floor maintenance and failure to protect Shopper against this type of occurrence. Store answered it was not negligent and had no notice of the condition. Store later moved for summary judgment. Shopper appeals the granting of that motion.

The 78 year old Shopper and her daughter-in-law came to the store together to shop for groceries. The daughter-in-law went in one direction with the cart, while Shopper headed directly to the produce department. After selecting a few vegetables, Shopper continued walking down the produce aisle in the fruit section where she slipped and fell, severely injuring her back, pelvis, and knee. She testified that after the fall, she noticed grapes "just all over the floor." She found smashed purple grape hulls on the bottom of her shoes. She also noticed grapes on the rubber mats on the floor below the grape display table. She noticed one of Store's employees in the area where she fell, in addition to many people crowding the aisle where the grapes were displayed for a special sale.

Shopper's daughter-in-law testified Store paged her after Shopper fell. When she found Shopper in the aisle she did not notice the floor area or Shopper's shoes because her momentary concern was for Shopper's health.

I

The sole issue raised on appeal is whether it was error to grant the summary judgment. District Ct. Rule 13, 12 O.S.1981, Ch. 2 App., provides:

"A party may move for judgment in his favor on the ground that the depositions, admissions in the pleadings, stipulations, answers to interrogatories and demands to admit, affidavits, and exhibits on file, filed with his motion or subsequently filed with leave of court show that there is no substantial controversy as to any material fact...."[1]

The supreme court held in *Weaver v. Pryor Jeffersonian*, Okl., 569 P.2d 967 (1977):

"[O]n motion for summary judgment all inferences and conclusions to be drawn from underlying facts contained in such materials as affidavits, admissions, depositions, pleadings, exhibits and the like, must be viewed in a light most favorable to party opposing the motion...."

Based on these facts and applying the foregoing principles, we do not agree with the trial judge that, as a matter of law, no substantial controversy exists as to any material fact.

Store's witness, Godfrey R. Weber, III (Employee), testified he had been a produce clerk for nearly 10 years and was responsible for keeping the floor swept and the produce racks stocked. He testified that Store had mandatory hourly sweeping requirements—recorded by time and initialed by the sweeping employee. He emphasized that the highest job priority was placed on maintaining an immaculate floor, although the sweeping procedure was "speed-oriented." He testified that he considered grapes falling on the floor "just a fact of life" and that floor sweeping and rubber mat placement below the grape display were methods of preventing falls.

His testimony regarding the day of the fall is that he made his hourly sweep around noon and then took an hour lunch break. When he returned at 1:00 p.m., he again swept the area, gathering up fallen grapes of two varieties, some plums, and some cigarettes. "Not more than five minutes" later, Employee was about 30 feet from Shopper on his way to get more pro-

duce from the back room when Shopper fell at the edge of the produce section. He testified she fell on the tile, not the rubber mats. He saw no grapes on the floor, but did not look at her shoes. He did not immediately sweep after the accident, but testified that "I pick up grapes every time I sweep." His opinion was that the old, feeble Shopper merely stumbled.

The grapes were openly displayed on a long table with slanting sides. Employee testified in part:

"Q. Did that table have any guards or appúrtenances or any type of rail around it to keep the grapes from rolling off?

A. They were in a wooden lug that the grapes set down in the wooden boxes, what we call the lug.

Q. Does the box recess into the table?

A. No.

Q. All right. So the box that the grapes are setting in sticks up above the tabletop level?

A. Yeah. Setting on top of it. The table sets at an angle.

Q. And the angle slant being down towards the floor or slanting down towards the middle of the table?

A. The sides of them are angled down and then the top is flat.

Q. Okay. What side is lower, the side closest to the edge of the table or towards the middle of the table?

A. The lowest part is to the middle of the table.

Q. All right. And around the edge of the table, is there any type of a guard or screen?

A. No."

## II

Oklahoma's general principles of law governing "slip and fall" cases have been expressed in *Kassick v. Spicer*, Okl., 490 P.2d 251 (1971), in which the court said in part:

1. The material portions of this rule were in effect at the time trial court ruled, but it has since been revised effective January 1, 1982.

"[T]he burden is upon the plaintiff customer to prove negligence on the part of the defendant store owner or his employees and that when a customer of a retail store is injured in a fall caused by slipping on vegetables lying on the store floor, the customer may not recover damages from the owner or manager of the store without proof that such vegetables were negligently left there by owner or some employee or had been there for sufficient time after the latter had actual or constructive knowledge thereof to have removed it in the exercise of ordinary care."

The testimony in this case indicates Store's knowledge of the grape hazard in general. A jury could, on the foregoing facts, legitimately infer Employee negligently swept the floor, the policy itself was negligently inadequate considering the risk involved and the level of Store's awareness as to the frequency of falling grapes, that the grapes should have been covered with cellophane, or that the display table needed edge guards.

## III

■ We are also aware that the self-service marketing method has spawned a growing trend of cases that dispense with the traditional notice requirement in such business settings as discount department stores, restaurants, and supermarkets. See 85 A.L.R.3d 1000 (1978). Merchandising methods that involve unassisted customer selection create problems with dropped or spilled merchandise. The courts have come to recognize that self-service marketing methods necessarily create the dangerous condition. Therefore the owner or proprietor is deemed to have actual notice of the condition, eliminating the need for proof of notice.

A recent Oklahoma Supreme Court case is in agreement with this reasoning. In *Lingerfelt v. Winn-Dixie Texas, Inc.*, Okl., 645 P.2d 485 (1982), the supreme court reversed the trial court and held for the shopper who slipped on a strawberry.

The shopper appealed alleging an erroneous jury instruction. The judge instructed the jury as to the requirement of notice as mentioned in *Kassick, supra,* while the plaintiff's requested instruction called for liability for negligent display or packaging of the produce.

Even though the shopper did not fall in the produce department, the *Lingerfelt* majority stated in part:

"The transcript discloses that at least three of defendant's employees were aware that 'safety' was one reason for covering the strawberry baskets. [footnote omitted] In other words, defendant 'anticipated' injury might result if the strawberries were uncovered."

.     .     .     .     .

"A key element of the evidence is that three different store employees admitted that 'safety' was one reason . . . for covering the strawberries with cellophane. . . ."

The court also stated and held:

"When a shopper has shown that circumstances were such as to create the reasonable probability that a dangerous condition (e.g. uncovered, heaped strawberries), would occur, the invitee need not also prove that the business proprietor had notice of the specific hazard (spilled strawberries) in order to show the proprietor breached his duty of due care to the invitee. . . ."

.     .     .     .     .

"[W]hen an invitor creates such a foreseeable, unreasonable risk, whether by the direct act of an employee or by his own indirect carelessness or negligence, he is liable for the consequences thereof and Shopper need not prove notice of the specific condition thus created."

■ In this case, Store was well aware; *i.e.,* "a fact of life," that falling grapes are a danger to customers and tried to protect them by sweeping the floor and using rubber mats. Under *Lingerfelt, supra,* a jury could legitimately find that these measures were not sufficient or were performed negligently. It could also find that Store creat-

ed and maintained a foreseeable, unreasonable risk by displaying the grapes in such a manner without the protection of a table guard or other protective scheme.[2]

We, therefore, reverse the summary judgment and remand for further proceedings consistent with this opinion.

BACON and BRIGHTMIRE, JJ., concur.

---

2. The petition does not specifically raise the allegation of negligent display; however, the general duty of Store to "adequately *supervise oversee and inspect the store* and the floors thereof so as to prevent the presence of dangerous and hazardous obstacles" is deemed broad enough to encompass this theory of law. (emphasis added)