19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wayne KROTH, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., a foreign corporation, Defendant-Appellee.
 No. 92-7125.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1994.
 
 Before BALDOCK, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Plaintiff Wayne Kroth, who was injured in a slip and fall at one of Defendant Wal-Mart's stores, appeals a jury verdict in favor of Defendant. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 2
 On December 19, 1991, Plaintiff visited a Wal-Mart Store in Poteau, Oklahoma to pick up three batteries to be used in fire trucks for the Bokoshe Fire Department. When returning the old batteries to Wal-Mart for a rebate on December 20, 1991, Plaintiff drove directly to the back of the auto service area. It was raining that day. Plaintiff entered the store through a customer entrance and presented his receipt obtained the day before to a Wal-Mart employee at the automotive department who told him to take it to the front of the store to obtain the rebate. Plaintiff went to the front of the store, where he received the rebate from customer service, and then returned to the automotive department. At that time, a Wal-Mart employee opened the overhead door to the service bay area and escorted Plaintiff to his truck to pick up the batteries. Plaintiff retrieved one battery, and the Wal-Mart employee retrieved a second battery. Plaintiff followed the Wal-Mart employee back inside, and they set the batteries down on the right-hand side of the door. At that time, the Wal-Mart employee offered to retrieve the third battery, but Plaintiff volunteered to retrieve it himself. Plaintiff walked to his truck, retrieved the battery, and holding the battery in front of him so as to block his view of the floor, he re-entered the service bay area. Upon entering the service bay area, he slipped and fell, injuring his hip.
 
 
 3
 Plaintiff sued Wal-Mart, claiming he slipped on oil and water left on the service bay area floor by negligent Wal-Mart employees. Wal-Mart defended, asserting that there was no oil on the floor, i.e. that Plaintiff slipped on water he tracked in himself, and if there was oil on the floor it was an open and obvious hazard. The jury found Defendant twenty-five percent liable and Plaintiff seventy-five percent liable and fixed Plaintiff's damages at $50,000. After initially entering a verdict in favor of Plaintiff, the court amended its judgment to reflect judgment in favor of Defendant because Oklahoma law dictates that a plaintiff cannot recover if he is found to possess greater liability than the defendant. See Okla. Stat. tit. 23, 13. Plaintiff appeals from the jury verdict in Defendant's favor claiming: (1) the evidence did not support the giving of a contributory negligence instruction; (2) the court failed to follow Oklahoma law in instructing on contributory negligence; (3)the jury verdict form contained irreconcilable inconsistencies mandating a new trial; (4)the court erred in failing to give a Lingerfelt instruction, see Lingerfelt v. Winn-Dixie Texas, Inc., 645 P.2d 485 (Okla.1982); and (5) some of the costs taxed against Plaintiff were improper. We address each argument in turn.
 
 
 4
 Plaintiff first objects to the court's submitting a contributory negligence instruction to the jury,[2] claiming that such an instruction was not supported by the evidence. Essentially, Plaintiff argues that because Defendant asserted that there was no oil on the floor and because Defendant further asserted an open and obvious defense to any oil on the floor, a contributory negligence instruction was improper. Plaintiff's argument is that both of these assertions by Defendant negate any duty on Defendant's part, making Defendant not negligent, and making any contributory negligence on Plaintiff's part irrelevant.
 
 
 5
 Without evidence of contributory negligence, which can be presented either by the plaintiff or defendant, a contributory negligence instruction should not be submitted to the jury. See Smith v. Chicago, Rock Island & Pacific Railroad Co., 498 P.2d 402, 405 (Okla.1972); Denco Bus Lines v. Rose, 224 P.2d 260, 261 (Okla.1950). The record reflects that evidence of contributory negligence was introduced in that Plaintiff admitted that on the day of the accident, he knew it was raining, knew that water could make things slick, and was carrying the battery so that he could not see the floor even though he could have carried it so as not to block his vision. The fact that Defendant argued that there was no oil on the floor and that any oil on the floor was open and obvious did not preclude a contributory negligence instruction. The issue of contributory negligence would still have arisen if the jury had determined that there was oil on the floor and that the oil was not an open and obvious hazard. Once the jury made these determinations, which would have meant that Defendant owed a duty to Plaintiff, Plaintiff's contributory negligence would have been at issue.
 
 
 6
 Plaintiff next asserts that the court failed to follow Oklahoma law in instructing the jury on contributory negligence. Because Plaintiff failed to object below to the wording of the instruction, a point which Plaintiff conceded at oral argument, we review for plain error. See Palmer v. Krueger, 897 F.2d 1529, 1535 (10th Cir.1990); see also Fed.R.Civ.P. 51 (party cannot assign error to giving of instruction unless party objects thereto before jury retires and states distinctly matter objected to and grounds objected on). Plain error is "fundamental error, something so basic, so prejudicial, so lacking in the elements that justice cannot have been done." Palmer, 897 F.2d at 1535 (citations omitted). While the district court's instruction was not as extensive as that suggested by the Oklahoma uniform jury instructions manual, it was a correct statement of the law and therefore cannot rise to the level of plain error.
 
 
 7
 Plaintiff's third assertion is that the jury verdict form contained irreconcilable inconsistencies mandating a new trial. As occurred with regard to the previous issue, Plaintiff failed to object below to the wording of the jury verdict form, a point which Plaintiff again concedes. Thus, Plaintiff has waived his right to object to the jury form, and we again review only for plain error. See Kloepfer v. Honda Motor Co., Ltd., 898 F.2d 1452, 1456 (10th Cir.1990). Plaintiff argues that if the jury verdict form had instructed the jury to deny Plaintiff any recovery if they found him more than fifty percent liable, as recommended in Oklahoma's uniform jury instructions, the jury would have distributed fault differently. Although the verdict form did not contain such an instruction, it did instruct the jury to allocate fault by percentages between Plaintiff and Defendant and then assess damages. We presume that the jury followed the verdict form's instructions regarding how to allocate fault between Plaintiff and Defendant, see United States v. Cooley, 1 F.3d 985, 997 (10th Cir.1993), and that knowledge of the possible preclusion of Plaintiff's recovery would not have affected the jury's fault determination. Thus, there was no plain error in the jury verdict form.
 
 
 8
 Plaintiff's fifth allegation is that the court erred in failing to give a Lingerfelt instruction. See Lingerfelt, 645 P.2d 485. In Lingerfelt, the Oklahoma Supreme Court held that when an invitee shows that the invitor's self-service merchandising and marketing methods create a reasonable probability that a dangerous condition will occur, the invitee need not prove the invitor had notice of the specific condition thus created. See id. at 489; see also White v. Wynn, 708 P.2d 1126, 1129 (Okla.1985). Lingerfelt is inapplicable to this case for two reasons. First, Lingerfelt applies only to self-service merchandising, and the record indicates that the Wal-Mart auto service bay is not a self-service area. Second, Lingerfelt applies only where the defendant did not have actual notice of the condition (such as when a customer spills self-service merchandise which was dangerously displayed), and in this case, any oil on the floor would have been caused by Defendant's employees, thus giving Defendant notice of the spill. Consequently, the district court properly declined to submit a Lingerfelt instruction to the jury.
 
 
 9
 Plaintiff asserts that the following costs taxed against him were improper: (1) costs for service of subpoenas to witnesses who did not testify at trial; (2) court reporter costs for deposition transcript copies which were not used at trial; and (3) photocopy costs for documents not introduced at trial. Defendant asserted below that he was entitled to costs pursuant to 28 U.S.C. 1920. "[T]he taxing of costs is a matter on which the trial court is given broad discretion." Stichting Mayflower v. Newpark Resources, 903 F.2d 741, 750-51 (10th Cir.1990).
 
 
 10
 Under 28 U.S.C.1920, the district court has the power to tax costs for materials necessarily obtained for use in the case. U.S. Industries, Inc. v. Touche Ross & Co., 854 F.2d 1223, 1245 (10th Cir.1988). "Necessarily obtained' does not mean that the materials and services obtained added to the convenience of counsel and perhaps have made the task of the trial judges easier." Id. (citations omitted). While the most direct evidence of necessity is the actual use of the materials by counsel or court at trial, if the materials or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award the recovery of costs. Id. at 1246; see also Furr v. AT & T Technologies, Inc., 824 F.2d 1537, 1550 (10th Cir.1987); Ramos v. Lamm, 713 F.2d 546, 560 (10th Cir.1983).
 
 
 11
 We find no abuse of discretion in the court's taxation of the costs about which Plaintiff complains. Defendant incurred the subpoena costs because Plaintiff refused to sign a medical records authorization, thus forcing Defendants to depose Plaintiff's healthcare providers to obtain information about Plaintiff's medical condition. Furthermore, Defendant asserted below that the deposition transcript costs of which Plaintiff complains were necessary for trial preparation and that the photocopy costs for documents not introduced at trial were necessary for use in the case even though they were not used at trial. The court did not abuse its discretion in concluding that these costs were necessary.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Under Oklahoma law, contributory negligence is the negligence of the person injured, as defined by Oklahoma's comparative fault statute. See Okla. Stat. tit. 23, 13