**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**JUN 28 2000**

**PATRICK FISHER**
**Clerk**

WYHILLA PENDERGRAFT,

      Plaintiff-Appellee,

v.

WAL-MART STORES, INC,
a foreign corporation,

      Defendant-Appellant.

No. 99-7084
(D.C. No. 98-CIV-597-S)
(E.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellee Wal-Mart Stores, Inc. appeals a $50,000 judgment entered in favor of plaintiff following a jury verdict. Plaintiff slipped and fell while shopping at Wal-Mart, injuring her knee. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The basic facts are not in dispute. Plaintiff testified that she entered the store and walked to the back to pick up the item she had come to buy. See Appellant's App. at 159. On her way back to the front of the store, she slipped on a piece of honeydew melon rind and fell to the floor, see id. at 160-62.

Wal-Mart's assistant manger, Jimmy Canant, testified that he responded to a call and found plaintiff on the floor. See id. at 119. He stated that on the day of the fall Wal-Mart was distributing free samples of honeydew melons. See id. at 123-24. The samples were contained in a stand with a dome, allowing customers to reach in and serve themselves; the rinds had not been removed from the melon samples. See id. The purpose of setting out samples was to increase sales. See id. at 131. There was a garbage can next to the melon display for customers to deposit the rinds. See id. at 136-37.

Gary Roberts, the store's produce manager, testified that produce samples significantly increase sales of that item. See id. 147-48. He had personally witnessed various produce samples on the floor in the months prior to plaintiff's

injury and had picked them up. See id. at 148. It had not occurred to him, even after seeing samples end up on the floor, to remove the rinds. See id. at 154.

The only issue before us is the propriety of the instruction on an owner's duty to an invitee to maintain the premises. Wal-Mart requested the following instruction:

> It is the duty of the owner to use ordinary care to keep its premises in a reasonably safe condition for the use of its invitees. It is the duty of the owner either to remove or warn the invitee of any hidden danger on the premises that the owner either actually knows about, or that it should know about in the exercise of reasonable care, or that was created by it or any of its employees who were acting within the scope of their employment. This duty extends to all portions of the premises to which an invitee may reasonably be expected to go.

Id. at 15.

The instruction given by the court, however, added the following:

> However, when a business owner's operating methods are such that dangerous conditions, such as spills by patrons, are recurring or easy to anticipate, the invitee need not also prove notice on the part of the business owner of the specific condition created in order to prove the business owner breached its duty of ordinary care owed to the invitee.

Id. at 53.

The instruction given was based on Lingerfelt v. Winn-Dixie Tex., Inc., 645 P.2d 485 (Okla. 1982). In Lingerfelt, also a slip and fall case, the Oklahoma Supreme Court held that when an invitor creates a foreseeable, unreasonable risk, either by direct action of an employee or by his own indirect carelessness or

negligence, the invitor is liable for the consequences, and the shopper does not need to prove notice of the specific condition created.    Id. at 489.

Defendant argues on appeal that the facts of this case do not demonstrate that the distribution of melon samples either "created 'a condition from which an injury might have been anticipated'" or "'rendered the avoidance of injury impossible.'" Appellant's Br. at 11-12 (quoting    Lingerfelt , 645 P.2d at 488). [1] Defendant contends that in    Lingerfelt , the store's employees knew that displaying strawberries in an uncovered manner could result in a customer accident.    See Appellant's Br. at 13.  Here, defendant argues, there was no evidence that defendant's manner of distributing produce samples was inherently dangerous. See id.

Defendant relies on testimony of Mr. Canant that in the ten years he had worked at defendant's store, he did not know of another incident in which a customer had fallen on free samples.    See Appellant's App. at 131.  However, Mr. Roberts, the produce manager, testified that in the mere seven months prior to the accident, he had personally witnessed samples on the floor, anything from apples to oranges, honeydews, cantaloupe, watermelon, and carrots.    See id.

---

[1]    In Lingerfelt , the store had created a display of strawberries which were heaped in uncovered containers because the store's cellophane wrapping machine was broken.  The plaintiff suffered injuries when she slipped on strawberries which had fallen on the floor from an unknown source.  645 P.2d at 486.

at 148-49. He and other employees had picked rinds up off the floor. See id. at 148. He also stated that it was possible to remove the rinds, but that process would have taken more employee time. See id. at 146-47.

Thus, plaintiff demonstrated circumstances creating the reasonable probability that a dangerous condition (here, spilled rinds or peels from produce samples) would occur and therefore did not need to "'also prove that the business proprietor had notice of the specific hazard [the honeydew rind] in order to show the proprietor breached his duty of care to the invitee.'" Cobb v. Skaggs Cos., 661 P.2d 73, 76 (Okla. Ct. App. 1982) (quoting Lingerfelt, 645 P.2d at 488). "Oklahoma has imposed a higher standard of care on self-service retailers, because merchandising methods involving unassisted customer selection create problems with dropped or spilled merchandise and necessarily create dangerous conditions." Hall v. Wal-Mart Stores, Inc., No. 96-6109, 1997 WL 602420, at **2 (10th Cir. Sept. 26, 1997) (unpublished decision) (relying on Cobb and Lingerfelt) (footnote omitted); see also Powell v. Wal-Mart Stores, Inc., No. 94-6442, 1995 WL 544247, at **3 (10th Cir. Sept. 14, 1995) (unpublished decision) (noting that in Lingerfelt, the Oklahoma Supreme Court "abolished the notice requirement in slip and fall actions against self-service retailers"). This case is indistinguishable from Lingerfelt. Accordingly, the district court did not err in giving the challenged instruction.

The judgment of district court is      **AFFIRMED** .


                                        Entered for the Court



                                        Mary Beck Briscoe
                                        Circuit Judge