**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARY NELL PRESCOTT,

    Plaintiff - Appellant,

v.

CRACKER BARREL OLD COUNTRY
STORE, INC.,

    Defendant - Appellee.

No. 19-6056
(D.C. No. 5:18-CV-00121-SLP)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **EBEL**, and **HARTZ**, Circuit Judges.
_____

Mary Nell Prescott appeals a summary judgment awarded to Cracker Barrel Old

Country Store by the United States District Court for the Western District of Oklahoma.

Ms. Prescott originally brought suit in Oklahoma state court, but Cracker Barrel removed

the action to federal court, invoking that court's diversity jurisdiction under 28 U.S.C.

§ 1332.  Ms. Prescott had been injured in a fall at a Cracker Barrel retail shop in

Oklahoma City and alleged that Cracker Barrel was liable for her injury under Oklahoma

premises-liability law.  The district court entered summary judgment for Cracker Barrel

on the ground that Ms. Prescott could not identify the object that caused her fall.  Ms.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Prescott appeals. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm because she has failed to present adequate evidence that Cracker Barrel breached a duty of care.

## I.     Background

Cracker Barrel is a Tennessee corporation that operates over 600 freestanding combination restaurant-retail shop locations. The restaurant is a dining room where guests can order food from a full-service menu, and the attached gift shop is stocked with merchandise for sale. Ms. Prescott and a friend went to the Cracker Barrel for a meal on the evening of November 3, 2017. After dinner they went into the retail shop, which Ms. Prescott recalls as being crowded with merchandise. While her friend browsed the shop, she went to the register to pay for their meals. She then walked down an aisle of merchandise heading toward the front door, where the two were to meet. As she turned right at the front of the shop to approach the front doors, she apparently caught her foot on something and fell.

In her lawsuit against Cracker Barrel, Ms. Prescott alleged that she tripped over a box of merchandise that was lying in the aisle. After discovery, Cracker Barrel moved for summary judgment on three grounds: First, Ms. Prescott failed to establish a triable issue of fact that any action or omission by Cracker Barrel was a proximate cause of her injuries because she did not know what she caught her foot on when she fell. Second, she had failed to identify any evidence that Cracker Barrel breached its duty by negligently leaving or failing to remove an item in an aisle. Third, any defective condition on the premises was open and obvious.

2

The evidence presented in support and opposition to the summary-judgment motion was not voluminous. It included excerpts from Ms. Prescott's deposition, in which she stated that she did not know what caused her fall, but that she was sure it was Cracker Barrel merchandise. *See* Aplt. App., Vol. II at 189 ("[W]e was in their store and it was all merchandise, so I suppose it was—had to be theirs. . . . [W]ho else would have left something under there? It was their store, that's where I was at, and it was their merchandise.") It also included footage from a security camera that showed the end of her fall, though it did not show what she tripped over. The only remaining evidence of the tripping incident was an affidavit from Ms. Prescott's dining companion, which stated that she had found a "box that was out of place near the door against the wall" when she went to help Ms. Prescott immediately after her fall. Aplt. App., Vol. I at 159. The affidavit said the out-of-place box was Cracker Barrel merchandise but did not further identify it. (There was also an incident report prepared by a Cracker Barrel employee that stated, "tripped over box by front door inside of store" in the field labeled "GUEST'S description of incident." Aplt. App., Vol. II at 211. But the district court ruled that it was inadmissible hearsay because it was based on "comments of unnamed customers," Aplt. App., Vol. I at 359, and Ms. Prescott's opening brief in this court does not cite any exception to the hearsay rule or other authority challenging the court's hearsay ruling.) There was no deposition testimony or affidavit from anyone who saw Ms. Prescott's fall.

In addition, Cracker Barrel provided a model floorplan for its stores and pictures of model merchandise displays from Cracker Barrel headquarters, which were largely followed in the Oklahoma City store. One of the pictures showed a display that had a boxed racecar toy set on the floor under a table. Sara Wadley, an employee on duty when Ms. Prescott fell, testified in a deposition that the boxed racecar set could have been a tripping hazard to someone who was not paying attention. She said that she herself had bumped it while restocking some shelves in October, the month before the fall, and had started moving it to a different spot for her shift if the store was busy. She further testified that shortly after she started work on the evening of the accident she had moved the box out of the way after she saw a customer bump into it. Also included in the summary-judgment record is a text message that Ms. Wadley sent several months after the incident. The message stated, "I had moved that box bc it would get knocked over as guests were standing there visiting and it got congested on certain days so I would always move it for a bit." Aplt. App., Vol. II at 348.

Another exhibit is a Cracker Barrel spreadsheet of "incident reports" covering all Cracker Barrel locations for the two years before Ms. Prescott's fall. According to Ms. Prescott, the reports document about 1,100 falls in Cracker Barrel retail locations, of which at least 325 were customers tripping over merchandise or furniture. And finally, the summary-judgment record includes a Form 10-K filed by Cracker Barrel with the Securities and Exchange Commission in 2017, which stated that there were 645 Cracker Barrel locations as of September 14, 2017, and that each shop "feature[d] approximately

4

4,800 stock keeping units" and had about 7,000 restaurant guests per week. Aplt. App., Vol. I at 172.

In her memorandum in opposition to Cracker Barrel's motion for summary judgment, Ms. Prescott argued that Cracker Barrel created a dangerous condition on its premises by instructing employees to stock each location with too many items of merchandise and displaying the merchandise in a manner that would distract customers from the danger, that Cracker Barrel had notice of the dangerous condition of its shops because of the falls reported during the two years preceding Ms. Prescott's fall, and that Cracker Barrel knew that the boxed racecar set was a tripping hazard because Ms. Wadley and a guest had bumped into it before Ms. Prescott's fall.

The district court granted Cracker Barrel's summary-judgment motion because of Ms. Prescott's failure to establish causation since she could not "identify what merchandise item allegedly caused her fall[.]" *Prescott v. Cracker Barrel*, No. CIV-18-121-SLP, at 5–6 (W.D. Okla. March 11, 2019). The court did not address Cracker Barrel's other grounds for its motion.

## II.    Discussion

"We review *de novo* a grant of summary judgment, applying the same standard that governs the district court." *Lauck v. Campbell Cty.*, 627 F.3d 805, 809 (10th Cir. 2010). Summary judgment is appropriate when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the nonmoving party "has failed to make a sufficient showing on an essential

5

element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

On appeal Ms. Prescott challenges the district court's proximate-cause ruling. Cracker Barrel's appellate brief argues in support of the ruling but also argues as alternative grounds for affirmance the two other grounds it urged in requesting summary judgment: First, it argues that Ms. Prescott failed to produce adequate evidence that it was negligent. *See, e.g.*, Aplee. Br. at 28 ("Ms. Prescott [could] not demonstrate that Cracker Barrel negligently created a dangerous condition" or that it "had actual or constructive notice of a dangerous condition."). And second, it argues that any defective condition on the premises was open and obvious. We may affirm on any alternative ground supported by the record, particularly when it was presented by the appellee in district court and resolving the case on that ground would not otherwise be unfair to the appellant. *See Elkins v. Comfort*, 392 F.3d 1159, 1162 (10th Cir. 2004). In this case we can properly affirm on Cracker Barrel's first alternative ground.

There is no dispute that Oklahoma law governs the substantive law on this appeal. *See Martinez v. Angel Expl., LLC*, 798 F.3d 968, 973 (10th Cir. 2015) (applying Oklahoma premises-liability law in diversity case). Under Oklahoma law a shopkeeper "owes an invitee a duty to keep the premises reasonably safe from hidden dangers, traps, snares, and the like." *Zagal v. Truckstops Corp. of Am.*, 948 P.2d 273, 274 (Okla. 1997). The parties agree that Ms. Prescott was an invitee on Cracker Barrel's premises.

6

In a "trip-and-fall" case the plaintiff can prevail by "show[ing] the item causing the fall was negligently left there by the storekeeper or some employee or had been there for sufficient time after the latter had actual or constructive knowledge thereof to have removed it in the exercise of ordinary care." *Glover v. Montgomery Ward & Co.*, 536 P.2d 401, 408 (Okla. App. 1974); *see Rogers v. Hennessee*, 602 P.2d 1033, 1035 (Okla. 1979) (plaintiff can prove liability with evidence that the owner failed to exercise "due care to discover the [peril] on the premises in time to prevent the [invitee's] exposure to danger or give warning of its presence"). Or the plaintiff can prevail with evidence that the hazardous condition was the foreseeable result of the shopkeeper's decision to "display . . . goods in an unsafe or negligent manner." *Lingerfelt v. Winn-Dixie Tex., Inc.*, 645 P.2d 485, 488 (Okla. 1982). The requirement that the plaintiff provide "proof of an act of negligence on [the shopkeeper's] part," is essential because Oklahoma courts have "steadfastly refused to make the store an insurer of its customers." *Id.* at 489; *see Dover v. W.H. Braum, Inc.*, 111 P.3d 243, 245 (Okla. 2005) ("[T]he invitor is not a guarantor of the safety of its invitees."). "It is axiomatic that the mere fact that an injury occurs carries with it no presumption of negligence." *Gillham v. Lake Country Raceway*, 24 P.3d 858, 860 (Okla. 2001).

On appeal Ms. Prescott does not adequately challenge Cracker Barrel's claim that it was not negligent. Her opening brief quite properly focuses on the ground that the district court relied on for granting summary judgment—an alleged failure to prove causation. *See United States v. Brown*, 348 F.3d 1200, 1212–1213 (10th Cir. 2003)

7

(appellant did not waive its right to respond to alternative ground for affirmance by failing to anticipate and respond to it in the opening brief). But once Cracker Barrel argued in its brief in this court that Ms. Prescott had failed to put on evidence of its negligence, *see* Aplee. Br. at 28 ("Ms. Prescott [could] not demonstrate that Cracker Barrel negligently created a dangerous condition" or that it "had actual or constructive notice of a dangerous condition."), she needed to respond. *See Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1099 (10th Cir. 2019) ("When an appellee advances an alternative ground for upholding a ruling by the district judge, and the appellant does not respond in his reply brief, he does not concede the correctness of the ruling. But he waives, as a practical matter anyway, any objections not obvious to the court to specific points urged by the appellee." (brackets, ellipses, and internal quotation marks omitted)). Yet Ms. Prescott provides us with no argument in her reply brief in support of a claim of negligence by Cracker Barrel. The six-page brief includes no form of the words *negligent*, *care*, or *unreasonable*; and it uses the word *reasonable* only in the context of "reasonable inferences," Reply Br. at 2 n.1, and "reasonable jury," *id*. at 5 n.4.

Of course, although not required, an appellant can anticipate in her opening brief an alternative ground for affirmance. In this case Ms. Prescott does make an effort in this direction, but it is inadequate and incomplete. She raises two potential grounds for liability. First, she argues that Cracker Barrel was on notice that the "cluttered" nature of its merchandise displays created a falling hazard because it knew about the frequency of customer falls at its stores. She relies on spreadsheets provided by Cracker Barrel that

8

report for a two-year period that there had been 1,100 reports of falls in its stores, of which "at least 325 were incidents where customers fell over objects, displays, furniture, and/or merchandise." Aplt. Br. at 40. (Cracker Barrel's brief on appeal contends that Ms. Prescott has double counted some falls, but we need not investigate that matter to resolve the issue.) The numbers may sound impressive, but the record shows that there were 645 Cracker Barrel stores on September 14, 2017. Thus, there was approximately one customer fall from tripping over merchandise, displays, or furniture per store every four years. That is not a high-enough frequency to support an inference that Cracker Barrel stores were unsafe or that Cracker Barrel was on notice of a hazard, particularly in the absence of any evidence of the specific circumstances of the falls.

The second potential ground raised by Ms. Prescott is that Cracker Barrel is liable because an employee knew that a particular box was displayed in a hazardous location. She points to the testimony by Ms. Wadley that she believed that the location of a boxed racecar toy set created a tripping hazard when the store was busy. But there are two gaps in this theory of liability. To begin with, even if Ms. Prescott did not need to identify the specific object on which she tripped to establish that she tripped over Cracker Barrel merchandise, she would need to establish that the racecar box was what she tripped over if Cracker Barrel's negligence was based solely on its knowledge that that particular box was placed in a hazardous position. If it was another item of merchandise that she tripped over, Ms. Prescott would need to provide evidence that Cracker Barrel knew or should have known that the merchandise was in a dangerous position but failed to move

9

it.  Yet she does not assert on appeal that the box she tripped on was the racecar box; and the evidence presented to the district court was insufficient to support a reasonable inference (as opposed to speculation) that it was the racecar box she tripped on.

The second gap in this theory of liability is that Ms. Wadley not only testified about the potential danger of the box's location, but she also testified that she had moved it from that position before Ms. Prescott's fall—so there was no known hazard at the time of the fall.  Ms. Prescott did not challenge that testimony in district court.  On the contrary, her district-court response to Cracker Barrel's statement of undisputed facts included the following recitation that Ms. Wadley had moved the box:

> During her testimony, Sara Wadley identified a tripping hazard within the display nearest to Ms. Prescott at the time of her fall stating, "[t]his box right here.  The race car set."  Ms. Wadley also read into the record a text message containing the following statement, "I had moved that box because it would get knocked over as guests were standing there visiting. . ."  Sara Wadley also testified that the same day of Ms. Prescott's fall, another guest had hit that same box with his foot, "[t]here was a gentleman . . . He stepped back.  His heel barely touched the box, didn't knock it over or anything, and that's when I looked at it, I was, like, okay, we need to move that box[.]"

Aplt. App., Vol. I at 136 (citations omitted).  And also in that response, Ms. Prescott's statement of "Additional Material Facts at Issue" included Ms. Wadley's testimony that at the time of Ms. Prescott's fall the racecar set was not in the usual position.  *Id*. at 139.  The argument section of Ms. Prescott's district-court brief discusses the potential danger posed by the normal position of the box but does not dispute that Ms. Wadley had moved the box from that position before Ms. Prescott's fall.  Similarly, Ms. Prescott's opening brief on appeal notes that Ms. Wadley identified the position of the racecar box as a

10

potential hazard, but it never raises a question about whether Ms. Wadley had moved the box before Ms. Prescott's fall.

Because Ms. Prescott has identified no evidence of a negligent act or omission by Cracker Barrel, she has "failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. Cracker Barrel is entitled to judgment as a matter of law.

We **AFFIRM** the judgment below.

Entered for the Court


Harris L Hartz
Circuit Judge

11